**Ollie M. DARBY and William Gonzales, Petitioners,**

v.

**INTERNAL REVENUE SERVICE and Merit Systems Protection Board, Respondents.**

**No. 80–2506.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 1, 1982.

Decided March 5, 1982.

As Amended March 5, 1982.

---

Joseph V. Kaplan with whom Robert M. Tobias and William F. White, Washington, D. C., were on the brief for petitioners. John F. Bufe, Washington, D. C., also entered an appearance for petitioners.

Carmen M. Shepard, Dept. of Justice, with whom Alexander Younger, Dept. of Justice, Washington, D. C., and Tom E. Crowe, Internal Revenue Service, Philadelphia, Pa., were on the brief for respondents.

Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., at the time the case was filed, also entered an appearance for respondents.

Before WALD, MIKVA, and GINSBURG, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

Raising issues similar to those decided today by *Drew v. Department of the Navy,* 672 F.2d 197 (D.C.Cir.1982), petitioners Darby and Gonzales appeal from Merit Systems Protection Board ("MSPB" or "Board") orders approving their dismissal from the Internal Revenue Service ("IRS") for deficient performance of their duties. Petitioners argue that because the reason stated initially for their removal was "unacceptable performance," a statutorily defined term of art the MSPB later determined to be inapplicable to them, their removal was "based on" a prohibited personnel practice [1] and, therefore, under 5 U.S.C. § 7701,[2] must be overturned. The IRS claims that its conceded error, initially citing an inapplicable ground for removal, was cured by the Board's reconsideration of the removals under another applicable statutory provision. Petitioners urge, however, that 5 U.S.C. § 7701(c)(2)(B) requires that the initial actions be regarded as invalid and removal accomplished through an entirely new action. In the interim, petitioners assert that they are entitled to rein-statement and back pay from the date of their original termination. They further argue that the Board has in fact ordered reinstatement and back pay in similar cases and its failure to do so in their cases was arbitrary and capricious. We find petitioners' arguments without merit and affirm the Board's rulings.

## I. FACTS

The IRS terminated petitioners under new procedures that permit removal for "unacceptable performance" as defined by 5 U.S.C. § 4301(3). Enacted by the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111, and "designed to expedite dismissals," S.Rep.No. 969, 95th Cong., 2d Sess. 24 (1978), U.S.Code Cong. & Admin. News 1978, p. 2723, the new procedures permit agencies to terminate employees who fail to satisfy one or more designated performance requirements. The IRS, however, did not, prior to initiating these removals, obtain the approval, required by 5 U.S.C. § 4302(b)(1), of the Office of Personnel Management ("OPM") of the perform-

---

1. (a)(1) For the purpose of this title, "prohibited personnel practice" means any action described in subsection (b) of this section.

 . . . .

 (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

 . . . .

 (11) take or fail to take any . . . personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this Title.

 5 U.S.C. § 2302. Petitioners argue that the removal actions violated 5 U.S.C. § 4303(a) which provides that employees may be removed for "unacceptable performance" and implements the merit system principle enunciated in 5 U.S.C. § 2301(b)(6):

 Employees should be retained on the basis of the adequacy of their performance, inadequate performance should be corrected, and employees should be separated who cannot or will not improve their performance to meet required standards.

 Section 4303 was violated, according to petitioners, because "unacceptable performance," as defined by 5 U.S.C. § 4301(3), means failure to meet performance standards established in accordance with 5 U.S.C. § 4302, *see Wells v.*

*Harris,* 1 MSPB 199, 216–17 (1979), and the Internal Revenue Service failed to comply with the requirements of section 4302.

2. The agency's decision may not be sustained under subsection (b) of this section if the employee or applicant for employment—

 (A) shows harmful error in the application of the agency's procedures in arriving at such decision;

 (B) shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title; or

 (C) shows that the decision was not in accordance with law.

 5 U.S.C. § 7701(c)(2). *See* 5 C.F.R. § 1201.-56(b) (1981):

 Under 5 U.S.C. 7701(c)(2), the Board is required to overturn the action of the agency even where the agency has met the evidentiary standard set forth in subsection (a), above, in any case where the appellant:

 (1) Shows harmful error in the application of the agency's procedures in arriving at such decision;

 (2) Demonstrates that the decision was based on any prohibited personnel practice described in 5 U.S.C. 2302(b); or

 (3) Shows that the decision was not in accordance with law.

ance requirements used to evaluate these employees. Subsequent to these removals, the MSPB ruled in *Wells v. Harris,* 1 MSPB 199 (1979) (*Wells* I), that the new "streamlined procedures" were intended to apply only to employees whose performance had been evaluated under appraisal systems so approved. However, *Wells* I also held that while "unacceptable performance" cannot be demonstrated if OPM has not approved the requirements, a determination of *inadequate* performance on the same facts might, in appropriate cases, be made under Chapter 75 which permits removal "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513. As a result of *Wells* I, the IRS requested the Board to reconsider petitioners' removals under Chapter 75, and after the appellants were notified of the agency's decision to proceed under Chapter 75 and given the opportunity to submit new evidence, the Board approved the terminations.

## II. ANALYSIS

Petitioners protest that since the MSPB admitted that basing "unacceptable performance" removals on unapproved performance criteria was a prohibited personnel practice, it follows that the Chapter 43 proceedings were void *ab initio* because 5 U.S.C. § 7701(c)(2)(B) provides that the Board may not sustain agency actions "based on" any prohibited personnel practice. Accordingly, the Chapter 75 reconsiderations could not validly take account of anything that happened in the earlier proceedings.

 We find, however, that the removals in these cases were not "based on" a prohibited personnel practice, *i.e.,* failure to meet inapplicable standards. Rather, as proved in the subsequent Chapter 75 proceedings, they were based on generally deficient performances sufficient to justify removal under the more demanding "efficiency of the service" standard. While *Wells* I held that an agency's failure to base "unacceptable performance" decisions on OPM-approved performance requirements "constitutes a prohibited personnel practice," 1

MSPB at 230, the opinion clarified that removal proceedings which cite defective appraisal systems do not inexorably "give rise to § 2302(b)(11) prohibited personnel practices whenever § 4303 actions under such appraisal systems are initiated," but that an employee must establish "that the decision was 'based on' a prohibited personnel practice in the particular case, *i.e.,* that the procedural or operational defect in the appraisal system amounted to a prohibited personnel practice *affecting the particular decision in a way that was harmful to the employee.*" 1 MSPB at 230 n.79 (emphasis supplied). In *Drew v. Department of the Navy, supra* 672 F.2d at 201 n.9, this court endorsed the *Wells* analysis and held that a termination, supported by a showing of specific performance deficiencies, is not "based on" a prohibited personnel practice simply because Chapter 43 was erroneously invoked, so long as there is adequate evidence in the record showing a failure to meet Chapter 75 standards. To establish that agency action utilizing unapproved performance criteria was "based on" a prohibited personnel practice, petitioners would have had to show that their performance, while failing the Chapter 43 standard, was satisfactory under other applicable statutory standards. Criteria by which federal employees are measured need be approved by OPM only if the Chapter 43 standards are applied, *i.e.,* if removal need be supported only by substantial evidence of an employee's failure to meet a single performance requirement. Unapproved criteria may be used by an agency to show by a preponderance of the evidence the more pervasive performance deficiency necessary to support removal for "such cause as will promote the efficiency of the service." In such circumstances, a removal that is sustainable under Chapter 75 is not "based on" a prohibited personnel practice, but rather is "based on" permissible grounds. Where Chapter 75 independently supports a removal action, a terminated employee is not harmed by initiation of the action under Chapter 43 if all of Chapter

75's procedural and substantive requirements are ultimately met.[3]

 In these cases, initiation of removals under Chapter 43 was not an action "based on" a prohibited personnel practice, but constituted a procedural error that was subsequently remedied by reconsideration under Chapter 75. Although petitioners were not afforded an opportunity to contest the Chapter 75 action prior to their termination, this opportunity was provided upon reconsideration. In *Drew*, this court considered the adequacy of the notice given to employees terminated under similar circumstances regarding the conduct deemed deficient, the standards under which it would be evaluated, and their procedural rights. Here, as in *Drew*, we find that the petitioners were properly apprised of the charges and their rights. The petitioners, as in *Drew*, were originally given detailed accounts of the charged deficiencies. Darby's Notice of Proposed Removal, Joint Appendix ("J.A.") at 11; Gonzales' Notice of Proposed Removal, J.A. at 79. Prior to reconsideration, both were informed that Chapter 75 would govern decision in their cases and that further evidence could be submitted. MSPB Regional Office Decision To Decide Darby Pursuant To Chapter 75, J.A. at 24; MSPB Order Remanding Gonzales, J.A. at 103. Neither submitted additional evidence nor requested a hearing in the Chapter 75 proceeding. Petitioners' briefs in this case did not aver procedural defects in the Chapter 75 proceedings before the Board, and we are satisfied that upon reconsideration the procedural requirements of Chapter 75 were observed, and petitioners were not prejudiced. *Cf. Drew v. Department of the Navy, supra,* 672 F.2d at 199 n.6. The substantive requirements of Chapter 75 were also met. The

Board found that the IRS had shown by a preponderance of the evidence that the terminations would "promote the efficiency of the service," *Darby v. Department of the Treasury,* MSPB Decision No. CHO43209005 (Nov. 13, 1980), J.A. at 37; *Gonzales v. Department of the Treasury,* MSPB Decision No. CHO75209134 (May 7, 1980), J.A. at 132, and petitioners do not challenge this determination. The removals are therefore sustainable under 5 U.S.C. § 7701, and there remains no basis for an order awarding back pay. The reconsideration proceedings demonstrate that if petitioners had been afforded the opportunity to contest under the Chapter 75 standard at the outset, the result would have been unchanged. An award of back pay under these circumstances would be an unjustifiable windfall.

 Petitioners also object that the Board has acted arbitrarily and capriciously by issuing inconsistent decisions as to the proper remedy for removals effectuated in violation of Chapter 43. While it is true that the Board has ordered reinstatement as the appropriate remedy where review under Chapter 75 is not requested by the agency, *see, e.g., Bonaparte v. Department of the Army,* MSPB Decision No. DA043009003 (Feb. 11, 1981); *Wells v. Harris,* 2 MSPB 291 (1980) (*Wells* II), the MSPB has consistently remanded Chapter 43 dismissals for possible reconsideration under Chapter 75, where requested, without ordering reinstatement. *See, e.g., Richey v. Social Security Administration,* MSPB Decision No. CHO75299060 (Oct. 23, 1980); *Andrade v. Department of the Air Force,* 2 MSPB 117 (1980).[4] Some of the cases cited by petitioners are inapposite because they deal with proper remedies for actions "based on" prohibited personnel practices, and we have decided that such actions are

---

3. Harmful procedural error is also a defense under 5 U.S.C. § 7701. *See* note 2 *supra.*

4. Neither *Price v. Department of the Treasury,* MSPB Decision No. ATO43204001 (Sept. 26, 1980) (*Price I*) nor *Price v. Department of the Treasury,* MSPB Decision No. ATO43204001 (July 1, 1981) (*Price II*) is to the contrary. In *Price I,* the agency did not argue that Chapter 75 supported its decision, and the Board af-

firmed the initial decision reversing the removal action. Subsequent to the *Price I* order, the agency moved to remand for reconsideration under Chapter 75. In *Price II,* the Board rejected this belated motion as not "appropriate at this time." In this context, the Board noted that the agency was not without recourse because a *new* adverse action under Chapter 75 could be initiated.

not at issue here. *See Brink v. United States Veterans Administration*, MSPB Decision No. NYO75299019 (Dec. 5, 1980); *Parker v. Department of the Interior*, MSPB Decision No. SFO75209084 (Nov. 17, 1980). Petitioner's charge of arbitrariness based on an illusory inconsistency among Board decisions must fail.

For the foregoing reasons, the orders here appealed from are

*Affirmed.*

MIKVA, Circuit Judge, dissenting:

I believe that the MSPB's attitude toward the procedural rights of the dismissed employees in this case was at least as casual as in *Drew v. Department of the Navy.* Consequently I dissent, for the reasons expressed in my dissenting opinion in *Drew.*