Thaddeus J. KOCHANNY, Petitioner,

v.

The BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Respondent.

Appeal No. 26–81.

United States Court of Appeals, Federal Circuit.

Nov. 29, 1982.

Frederick J. Czerwionka argued, for petitioner.

Sanda M. Kayden, Washington, D.C., argued for respondent. With her on the brief was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C.

NIES, Circuit Judge.

Petitioner, Thaddeus J. Kochanny, appeals his removal by the Department of the

Treasury, effective May 11, 1979, from his position with the Bureau of Alcohol, Tobacco and Firearms (BATF). The removal was a result of the agency's dissatisfaction with petitioner's performance in each of three "critical elements" of his position. Initially, the agency sought to remove petitioner pursuant to Chapter 43 of the Civil Service Reform Act of 1978, Pub.L. 95–454, 92 Stat. 1121, codified at 5 U.S.C. §§ 1101 *et seq.* (Supp. V 1981). During the pendency of an appeal and as a result of its holding in *Wells v. Harris,* 1 MSPB 199 (1979), nullifying a removal pursuant to interim regulations under Chapter 43, the Merit Systems Protection Board (MSPB) remanded this case to its field office for reconsideration under 5 U.S.C. § 7501 (Chapter 75) (Supp. V 1981) if the agency so elected. Such an election was made; petitioner's dismissal was found to be in accordance with the requirements of Chapter 75; the MSPB affirmed; and petitioner has appealed. We affirm.

## Facts

Petitioner is a former Program Analyst (GS–12) with BATF at Chicago, Illinois. On April 19, 1978, petitioner met with his supervisor to receive his annual evaluation. He was advised of problems with his performance, and it was agreed that he would be re-evaluated in six months due to the poor rating he received. The written performance evaluation indicated poor performance, particularly with respect to dependability, judgment, and quality of work. On November 3, 1978, petitioner was re-evaluated and was formally notified in person, and by memorandum from his supervisor, that his performance continued to be unsatisfactory in the indicated areas. He was informed that he would be expected to show significant improvement during a subsequent 90 day evaluation period.

The November 3, 1978, memorandum consisted of seven pages detailing the unac-

ceptability of his performance in connection with eight specific assignments, as well as other examples of problems arising from failure to exercise proper judgment or from operating outside the scope of his authority.

On February 26, 1979, petitioner was issued a Notice of Proposed Removal based upon his failure to meet the requirements of his position. The same three critical elements of the job, quality of work, dependability, and judgment, were identified as not being performed in an acceptable manner. Examples of the poor quality of his work after November 19, 1978, were cited. Petitioner responded to the Notice personally and through counsel.

On May 4, 1979, the Regional Regulatory Administrator of the BATF issued his decision, removing petitioner from his position, effective at the close of business on May 11, 1979, by reason of petitioner's unacceptable work performance. The wording of the Administrator's decision indicates that he was relying on the standards of Chapter 43, *i.e.,* 5 U.S.C. § 4303 (Supp. V 1981). On May 24, 1979, petitioner appealed to the MSPB, alleging various substantive and procedural errors, including, *inter alia,* charges that the adverse action should have been processed under Chapter 75 instead of Chapter 43, and alternatively, if Chapter 43 applied, that the agency failed to comply with required "interim procedures," as set forth in the regulations, specifically 5 CFR § 432.206.

Upon appeal to the MSPB, the Presiding Officer made an initial decision that the agency had incorrectly applied the interim procedures regulations for removal under Chapter 43. However, before that decision became final, the MSPB reopened 15 cases, including this case, because of its decision in *Wells v. Harris, supra,* (hereinafter *Wells* ), which invalidated the interim regulations and precluded resort to Chapter 43 against one in the position of petitioner.[1] The MSPB then remanded this case to its Chica-

---

1. In the *Wells* case, the board held, with respect to an attempted dismissal under Chapter 43, that an agency could not rely on 5 U.S.C. § 4303 without having first established a performance appraisal system under 5 U.S.C.

§ 4302. Such system had not yet been established in Kochanny's agency. The specific language of these provisions is not pertinent here and, accordingly, is not set out.

go field office on December 26, 1979. The remand order indicated, *inter alia,* that the agency could request reconsideration of the case under the standards of Chapter 75. Under this chapter, the agency would be required to show that petitioner's removal was for "such cause as will promote the efficiency of the service." Moreover, the agency action would be subject to a more rigorous standard of review by the MSPB.[2]

In a letter of January 29, 1980, having received the agency's election to proceed under Chapter 75, the Presiding Officer offered

> both parties opportunity to present any additional evidence and argument concerning the merits of the appeal, including the issue of whether, by a preponderance of the evidence, the agency action was taken for "such cause as will promote the efficiency of the service."

Petitioner did not request an oral hearing, but did submit further argument in response to this notice.

After a review of the original record and the additional arguments of the parties, the MSPB field office, on March 21, 1980, affirmed petitioner's removal, finding the agency's action supported by a preponderance of the evidence and stating:

> Because that action directly flows from demonstrated inadequate performance by the appellant in his official position, I

conclude that his removal is for such cause as will promote the efficiency of the agency's operations and, in turn, the efficiency of the service. See 5 U.S.C. § 7513(a).

Petitioner filed a petition with the MSPB in Washington, D.C., for further review on April 23, 1980. On February 18, 1981, the MSPB issued its final order denying the appeal, and on March 12, 1981, petitioner filed the instant appeal in the United States Court of Claims. Jurisdiction now resides in this court pursuant to 28 U.S.C. § 1295(a)(9) and section 403(a) of the Federal Courts Improvement Act of 1982, Pub.L. 97–164, 96 Stat. 25.

## OPINION

The action taken against petitioner was pursuant to Chapter 75. Our review convinces us that the evidentiary record supports removal under this Chapter.[3] Accordingly, the agency action cannot be set aside absent an error, either as a matter of law in the agency's proceeding under Chapter 75, or as a matter of faulty procedure which substantially impaired petitioner's rights.

### I

■ As an initial matter, it is necessary to consider the basic challenge made by petitioner to the statutory authority under

---

**2.** The standards for review by the MSPB are set out in 5 U.S.C. § 7701(c)(1) and (2) (Supp. V 1981) as follows:

> **§ 7701. Appellate procedures.**
>
> \* \* \* \* \* \*
>
> (c)(1) Subject to paragraph (2) of this subsection, the decision of the agency shall be sustained under subsection (b) only if the agency's decision—
>
> (A) in the case of an action based on unacceptable performance described in section 4303 of this title, is supported by substantial evidence, or
>
> (B) in any other case, is supported by a preponderance of the evidence.
>
> (2) Notwithstanding paragraph (1), the agency's decision may not be sustained under subsection (b) of this section if the employee or applicant for employment—
>
> (A) shows harmful error in the application of the agency's procedures in arriving at such decision;

> (B) shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title; or
>
> (C) shows that the decision was not in accordance with the law.

**3.** The standard of review by this court is found in 5 U.S.C. § 7703(c) (Supp. V 1981) which provides:

> (c) In any case filed in the [United States Court of Appeals for the Federal Circuit], the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
>
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence;
>
> \* \* \* \* \* \*

which action was taken against him. It is petitioner's position that removal under Chapter 75 for the "efficiency of the service" may not be based upon an employee's "unacceptable performance." The thrust of petitioner's argument is that by the enactment of the Civil Service Reform Act of 1978, Chapter 43 became the exclusive vehicle for removals because of such cause. There is no question but that prior to the reform legislation enacted in 1978, an employee's poor performance could be the basis for dismissal for the efficiency of the service under Chapter 75. *Thomas v. Ward,* 225 F.2d 953 (D.C.Cir.1955); *Armando Pimentel Y Cao v. Brownell,* 208 F.2d 47 (D.C.Cir.1953).

In *Turnage v. Dept. of Agriculture,* Ct.Cl. App. 27–80 (Order entered March 12, 1982), the United States Court of Claims stated in connection with a removal action based on deficient job performance:

> At the outset, we hold that the removal action was properly conducted by the agency under Chapter 75. [Order at 5.]

In *Turnage,* the question was whether the agency had properly given notice that it was proceeding under Chapter 75, rather than under Chapter 43. The agency's authority to proceed under Chapter 75 was not questioned. Inherent in the decision, however, is a recognition that an agency could resort to Chapter 75 to remove an employee whose work was unsatisfactory.

In *Drew v. United States Department of the Navy,* 672 F.2d 197, 201 (D.C.Cir.1982), in a *per curiam* opinion, the District of Columbia Circuit, facing the issue in a direct challenge, reached the same conclusion, stating:

> Petitioner argues that even if adequate notice was received, the Chapter 75 dismissal action must fail insofar as it was predicated on alleged inadequate performance grounds ordinarily applicable solely to Chapter 43 proceedings. 5 U.S.C. § 7512(D) provides, "[t]his subchapter ... does not apply to a reduction in grade or removal under section 4303 of this title ...." As § 4303 removals

stem from inadequate performance, petitioner reasons that such grounds may not be used to dismiss petitioner under Chapter 75. This argument is unfounded. In amending Chapter 43 in 1978 by establishing the aforementioned performance appraisal systems, Congress stipulated that such systems need not be fully implemented until October 1, 1981. Until such systems were established, *Wells* held that federal employees could not properly be dismissed under Chapter 43 and that in the interim *Chapter 75 dismissals* could proceed on performance-based grounds. As the Board noted in [*Wells v. Harris,* MSPB Order No. RR–80–3],

> Chapter 75 remains available for adverse actions that are performance-related. Section 7512(D) excludes from Chapter 75 only § 4303 actions for "unacceptable performance" as defined in § 4301(3). Nothing in § 7512 prevents action under the provisions of Chapter 75 merely because the action is performance-based .... [T]he higher "preponderance of the evidence" standard and the "efficiency of the service" requirement would apply to such actions, but we have found nothing to indicate that Congress intended to prevent agencies from meeting those requirements where they are able to do so. [Footnotes omitted.]

We are in accord with this reasoning.

## II

Petitioner asserts that pursuant to 5 U.S.C. § 7701(c)(2)(B), 5 CFR § 1201.-57(b)(2), and the *Wells* decision, petitioner is entitled to have the agency's removal decision overturned as a matter of law since an action under Chapter 43, on which basis the agency initially sought to have petitioner's removal sustained, constituted a prohibited personnel practice, at that time, within the meaning of 5 U.S.C. § 7701(c)(2)(B).[4]

Petitioner argues that since the MSPB in *Wells* held that using the regulations implementing Chapter 43 would require an em-

---

4. *Supra* note 2.

ployee to commit a prohibited personnel practice, the agency's action here, which was taken under those regulations, cannot be sustained regardless of the sufficiency of the evidence against him. 5 U.S.C. § 7701(c)(2)(B), *supra* note 2. The Government maintains that the *Wells* decision did not define a prohibited personnel practice to include the situation where a removal action was commenced under Chapter 43 and sustained under Chapter 75. In view of the board's remand order allowing the removal action to continue under Chapter 75, clearly the Government's reading of *Wells* is correct. Moreover, in holding that removal under Chapter 43 would have been a prohibited personnel practice as defined in 5 U.S.C. § 2302(b)(11) (Supp. V 1981),[5] the MSPB pointed to specific statutory provisions which precluded such action and to an underlying merit system principle which would be defeated. Petitioner has not attempted a comparable analysis to show that the agency error here rises to that level, and we see no basis for concluding that an agency must be held to an irrevocable election between Chapters 43 and 75. That he is no longer able to utilize the defenses to a Chapter 43 proceeding does not amount to a denial of due process. After the board's holding that Chapter 43 could not be used at all, it simply became moot whether or not Chapter 43 procedures had been correctly followed. The determinative consideration is whether, from beginning to end, petitioner was afforded all of his rights under the chapter on which the removal action was sustained.

In addition, petitioner has not shown that the removal action was "based on" the asserted prohibited personnel practice, as required by 5 U.S.C. § 7701(c)(2)(B). Petitioner asserts that the agency's initial reliance on Chapter 43 was the "proximate cause" of his discharge, from which we are apparently to conclude that removal action must be deemed "based on" that chapter. We do not attribute this broad meaning to "based." The short answer is that petitioner's removal was based on his inadequate performance and sustained under Chapter 75. *Accord, Darby v. Internal Revenue Service,* 672 F.2d 192, 195 (D.C.Cir.1982).

### III

■ Petitioner next asserts that the MSPB violated his procedural rights under 5 U.S.C. § 7701(c) when it allowed the agency, on remand, to "reprosecute" the removal action under Chapter 75.

Petitioner misconstrues the remand order of the board. The board did not authorize the agency to reinstitute proceedings or alter the basic grounds underlying its action against petitioner. Rather, the agency was given the opportunity to show that the procedures and action *which had been taken* conformed to the requirements of Chapter 75. Thus, this case is distinguishable from *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), which held that an agency's corrective action after removal of the employee did not cure previous procedural defects and provide a basis for sustaining the discharge. Unlike *Vitarelli,* the agency here was merely given an opportunity to show that its previous action satisfied Chapter 75. Thus, petitioner was not deprived of the protections afforded in 5 U.S.C. § 7701(c).

Petitioner's collateral argument that, because his request to participate in the *Wells* proceeding was denied, he could not challenge the appropriateness of the remand order by the board, is without substance. Petitioner has had a full opportunity to question the remand order in this proceeding, and we conclude that there was no

---

**5.** 5 U.S.C. § 2302 (Supp. V 1981), in pertinent part, reads:

§ 2302. **Prohibited personnel practices**

    \*    \*    \*    \*    \*    \*

  (b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

    \*    \*    \*    \*    \*    \*

  (11) take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

fundamental unfairness or violation of due process as a result of that order. Indeed, it was petitioner's initial view that action had to be taken under Chapter 75, undoubtedly because of the heavier burden on the agency.

## IV

■ Petitioner asserts that the initial notice did not inform him that his removal was for "the efficiency of the service" and, therefore, must be held inadequate as a notice under Chapter 75. We disagree. The specific *grounds* for removal were stated and have remained the same throughout, namely, significant deficiencies in petitioner's performance of his work. With the remand, petitioner clearly knew that the test would be "the efficiency of the service" and has shown no prejudice by the subjection of the agency action to the more penetrating MSPB review.

## V

■ Finally, we reject petitioner's position that the record lacks substantial evidence to support his removal to promote the efficiency of the service. Petitioner was removed for critical deficiencies in several aspects of his job performance. The record is thoroughly documented with specific examples of repeated deficiencies in each area. Petitioner's defense is essentially that he has worked for over 18 years in the agency and that former supervisors and fellow employees found him to be generally competent, capable, and effective. However, this does not contradict or negate the direct evidence put forth by the agency with respect to the specific incidents of incompetence in connection with current work assignments. There is no dispute as to what petitioner did or did not do. Indeed, it appears from the brief and oral argument that petitioner could do no more than make a perfunctory challenge to the record before us. His case is essentially directed to legal issues with respect to procedures. Accordingly, we do not find it necessary to discuss the evidence in detail.

For completeness we will note that we have considered and found no merit in the additional arguments raised by petitioner with respect to his right to privacy, with respect to alteration of documents, and with respect to an evidentiary ruling by the board. As these matters are tied to the particular facts of this case, there would be little benefit in an extended opinion with respect to them.

Accordingly, the decision of the MSPB is *affirmed.*