**Thomas D. ROBINSON, et al., Petitioners,**

v.

**DEPARTMENT OF TRANSPORTA-TION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 85–988.**

United States Court of Appeals, Federal Circuit.

Decided July 31, 1985.

Harry D. Shargel, of Philadelphia, Pa., argued for petitioners.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Dir.

Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.

PER CURIAM.

The decisions of the Merit Systems Protection Board (board), 16 M.S.P.R. 264,

Nos. PH075281F0991, PH075281F1001, PH075281F1002, PH075281F1008, and PH075281F1107, sustaining the removal of Richard V. Kitts, John E. Neal, Richard C. Newman, Thomas D. Robinson, and Robert L. Kapp, on charges of participating in an illegal strike against the United States Government and unauthorized absence, are affirmed and a sanction is imposed on counsel.

### Analysis

After thorough review of the record, briefs, and submissions, we conclude that the Department of Transportation, Federal Aviation Administration, established a prima facie case of strike participation and unauthorized absence, and that petitioners failed to rebut that showing or to demonstrate harmful procedural error.

Counsel bases this entire appeal on an unfounded attack on the government, saying that the board's refusal to reinstate petitioner or to impose sanctions on the government (for failure to produce Philadelphia Tower Chief Beckelman for deposition and failure to strike Deputy Tower Chief Hamill's testimony) deprived petitioners of due process and Sixth Amendment rights. That assertion is part of an indiscriminate "blast of procedural objections" substantially identical to that condemned in *DiMasso v. Department of Transportation, FAA*, 735 F.2d 526, 527 n. 3, 528 (Fed.Cir.), *cert. denied*, — U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), an authority blithely disregarded by counsel.

The Presiding Official denied sanctions for failure to produce Tower Chief Beckelman, saying "the crucial fact ... is that Beckelman was not, at the time he was requested for deposition, a federal employee. He was, therefore, no longer associated with the agency that was a party, nor was he a party himself, and the agency was not obligated to produce him." Counsel makes no attempt to show that view erroneous.

The government conceded that its initial refusal to produce Hamill for deposition was improper. That refusal was based on a uniform policy denying access to Deputy Tower Chiefs, thus minimizing disruption by involving only the Tower Chief in Air Traffic Controller appeals. Nothing of record indicates any attempt to hide Hamill's testimony, a strategy as much contrary to the government's interests as to petitioners'. Indeed, following the initial refusal, the government specifically and repeatedly informed all petitioners of its intent to use Hamill's testimony, submitting a proposed witness list which included Hamill's name seven months before the hearing. In May 1982, six months before the hearing, the agency offered Hamill for deposition, having recognized that Beckelman could not be produced.

■ Counsel's assertions of unfair surprise are thus disingenuous. Counsel could have obtained Beckelman's testimony. The Presiding Official offered to grant a motion for an order under 5 CFR 1201.81. See also 5 CFR 1201.74. Moreover, counsel fully cross-examined Hamill at the hearing. The Presiding Official's refusal to impose sanctions or strike Hamill's testimony was neither error, nor an abuse of discretion.

■ Without the slightest justification, counsel asserts that the Presiding Official: was biased against all petitioners; permitted the government to employ criminal conduct, the remotest hearsay, phony and withheld documents; failed to call witnesses with actual knowledge; protected and defended the government; and disregarded the rules of evidence. Counsel further says the Presiding Official relied on "the remotest hearsay introduced by a liar, perjurer, and forger [Hamill]", whereas he "should have accepted the uncontradicted testimony and documents of Petitioners."

Counsel's utterly meritless raillery against the Presiding Official is offensive. It wastes the resources of this court, which has carefully reviewed petitioners' arguments and the record "on the possibility that a non-frivolous contention might have

**1558**

been found lurking." *See Bowen v. Department of Transportation, FAA,* 769 F.2d 753 (Fed.Cir.1985). It wastes the resources of government counsel, who must diligently respond to each baseless allegation. Most destructive to the equitable and efficient administration of justice, however, is that counsel's conduct has delayed deserving litigants in obtaining their statutory and constitutional right to judicial review. This appeal is clearly frivolous. *See Griessenauer v. Department of Energy,* 754 F.2d 361 (Fed.Cir.1985); *Moir v. Department of the Treasury,* 754 F.2d 341 (Fed. Cir.1985).

We affirm on the basis of the board's opinion because we do not find that the board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982). *See Kochanny v. Bureau of Alcohol, Tobacco & Firearms,* 694 F.2d 698, 700 n. 3 (Fed.Cir. 1982).

Under the provisions of Rule 38, Fed.R. App.P., counsel Harry D. Shargel is assessed in favor of the government the sum of $500. *See Cecil v. Department of Transportation, FAA,* 767 F.2d 892 (Fed. Cir.1985) and *Kump v. Department of Transportation, FAA,* 767 F.2d 889 (Fed. Cir.1985).

AFFIRMED.