Francis J. HANRATTY, III, Petitioner,

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 84–1754.**

United States Court of Appeals, Federal Circuit.

Dec. 26, 1985.

---

**34**

Francis J. Hanratty, III, pro se.

SuzAnne Nyland, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, NIES and BISSELL, Circuit Judges.

MARKEY, Chief Judge.

Francis J. Hanratty (Hanratty) appeals a decision of the Merit Systems Protection Board (Board), 21 MSPR 665, No. NY07528410006, sustaining his removal by Federal Aviation Administration (FAA or agency) from the position of Air Traffic Control Specialist, GS–9, for unsatisfactory training progress. We vacate and remand.

### Background

On November 15, 1981, FAA appointed Hanratty to the position of Air Traffic Control Specialist, a position requiring him to complete successfully an eleven-phase national terminal training program. FAA policy authorized the removal of a Specialist for failing any phase of the program. Hanratty failed Phase IX, Local Control, resulting in his removal. The removal notice states that he was removed for "unsatisfactory training progress." Hanratty appealed to the Board.

As the record makes clear, the presiding official handled the proceedings under Chapter 43 of Title 5 through the hearing. The presiding official, however, sustained the adverse action under Chapter 75, noting:

> Since the agency failed to introduce appellant's performance standards, much less establish which duties were critical elements, appellant's removal could not have been taken under 5 U.S.C. § 4303(a), but must have been taken under 5 U.S.C. § 7513(a).

In denying Hanratty's petition for review, the full Board noted:

> There is nothing in the record to support appellant's allegation that this action was improperly considered by the presiding official as an action under 5 U.S.C. § 7513, when it was in fact an action under 5 U.S.C. § 4303. Removal actions for failure to complete training requirements may be properly brought under 5 U.S.C. § 7513, and the evidence indicates that the agency initiated this action under that section.

### OPINION

On appeal, Hanratty contends, *inter alia*, that he has "been denied Due Process of law by the presiding official unilaterally changing the applicable statute a full month after the hearing had convened and after closure of the record."

Having ordered and reviewed the entire record, the court concludes that the Board improperly sustained Hanratty's removal under Chapter 75. The removal notice made no reference to whether the proceeding would be under Chapter 43 or Chapter 75. Throughout the hearing, however, the presiding official repeatedly characterized the proceeding as one under Chapter 43 and conducted the hearing on that premise. At the outset, he said, "the agency has the burden of proving substantial evidence—substantial evidence—the reasons for appellant's removal. That being the case since appellant was removed under 5 U.S.C. § 4303 for alleged unacceptable performance." Further, the presiding official repeatedly distinguished cases offered by Hanratty on the grounds that those cases were based on Chapter 75, stating, "But we have a Chapter 43 case. In Chapter 43, the penalty does not have to be proven to promote the efficiency of the service.... *Douglas* was decided on Chapter 75. This is a Chapter 43 case." And, near the end of the hearing, the presiding official said, "So long as the agency can prove unacceptable performance and [sic] appellant does not have a right to a lateral reassignment in a 43 case. That's my holding."

Moreover, the presiding official entered an order four weeks after the hearing and two weeks before his decision. That order changed the docket number of the appeal:

The parties are notified that the Docket No. of this appeal has been changed from NY0432841006 to NY0752841006 to reflect that appellant's removal was taken not under 5 U.S.C. 4303, but under 5 U.S.C. 7513(a). This means that to sustain the removal, the agency will have to prove the reasons for appellant's removal by a preponderance of the evidence. 5 U.S.C. 7701(c)(B). It also means, as appellant recognizes in his brief, that the agency must establish that appellant's removal promotes the efficiency of the service.

In response, the agency moved to reopen the record to submit additional evidence concerning the "efficiency of the service." The presiding official denied the motion and stated that he would rule based on the existing record.

■ Thus the record unequivocally supports Hanratty's contention that the presiding official, having conducted the proceeding under Chapter 43, recharacterized, *sua sponte*, the agency's action to one under Chapter 75, and did so after the record had closed, and after he had repeatedly insisted that the proceeding was *not* under Chapter 75.

In large part, the action of the presiding official resulted from the Board's then-current effort to cast all performance-based removals in the mold of Chapter 43. *See Gende v. Department of Justice*, 23 M.S.P.R. 604 (1984). Indeed, the briefs in this court appear premised on an exclusivity of Chapter 43. Those briefs were filed before this court decided *Lovshin v. Department of the Navy*, 767 F.2d 826, 829 (Fed.Cir. 1985) (in banc) (Chapter 75 may be used to remove an employee for performance-based reasons, provided the agency meets all requirements of that chapter).

■ To argue, as does FAA in this case, that the main distinction between the two chapters (evidentiary standard) favors Han-

ratty, and that therefore the Board's holding here should be affirmed, is to miss the point. The Board may not simply substitute Chapter 75 for Chapter 43 or vice versa after the parties have presented their evidence. Whether doing so would favor the petitioner or the agency cannot be controlling, after-the-fact switches being inherently unfair and governing considerations under the two chapters being distinct.

Under Chapter 75, the agency must prove its charges by a "preponderance of the evidence"; under Chapter 43 it may do so by "substantial evidence." *Lovshin, supra*, 767 F.2d at 834; *see* 5 U.S.C. § 7701(c)(1). Penalty mitigation under *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280 (1981), is not authorized in Chapter 43 actions. *Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1566 (Fed.Cir.1985). Under Chapter 75, the agency must show that an adverse action was taken "only for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a); *see White v. United States Postal Service*, 768 F.2d 334, 335–36 (Fed.Cir.1985), but the agency need not make such showing when proceeding under Chapter 43. *Lovshin, supra*, 767 F.2d at 834. The employee's defense necessarily differs in proceedings under Chapter 75 from that in proceedings under Chapter 43.

Nor is there merit in the government's argument that Hanratty "geared" his defense under § 7513 standards. First, he was, as above indicated, precluded from doing just that. Second, if he had so presented his defense, that fact would not warrant the substitution of one chapter for another after closing the record.

Therefore, based upon the foregoing, the decision of the Board cannot stand. In *Kochanny v. Bureau of Alcohol, Tobacco and Firearms*, 694 F.2d 698 (Fed.Cir.1982), this court sanctioned reconsideration at the board level, and approved an opportunity of the agency "to show that the procedures and action *which had been taken* conformed to the requirements of Chapter 75." Id. at 702 (emphasis in original). As in

*Kochanny,* the agency should be given that opportunity and Hanratty should be free to present whatever defenses he may have in a properly conducted Chapter 75 proceeding.

We need not address Hanratty's arguments attacking the training standards, asserting disparate treatment, etc.

## CONCLUSION

The decision of the Board affirming Hanratty's removal under Chapter 75 must be vacated. The case is remanded to the Board for further proceedings conducted in light of this opinion.

VACATED and REMANDED.