937 F.2d 623
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles T. RICKMAN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 91-3163.
 United States Court of Appeals, Federal Circuit.
 June 11, 1991.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB or Board), which affirmed the initial decision of the administrative judge. He sustained petitioner's removal from his position as Contract Representative of the Department of the Navy, MSPB Docket No. SF07529010422. We affirm the decision of the Board.
 
 OPINION
 
 2
 After reviewing the material submitted by Mr. Rickman, we believe that he does not realize that Congress has limited the extent to which this court may review a decision of the MSPB and the court's power to set aside a decision of the Board. See 5 U.S.C. Sec. 7703(c) (1988); Kochanny v. Bureau of Alcohol, Tobacco & Firearms, 694 F.2d 698 (Fed.Cir.1982). We cannot retry the case on appeal. Instead, we determine whether the decision of the MSPB is supported by substantial evidence on the basis of the record before the Board, and we may not consider new evidence which Mr. Rickman has offered for the first time on his appeal. Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981).
 
 
 3
 The administrative judge found that the agency had established by a preponderance of the evidence that Mr. Rickman threatened his supervisor with physical harm and that such conduct was disrespectful and disruptive; that Mr. Rickman had also failed to follow proper leave procedures and had been absent without authorization. In addition, the administrative judge found that Mr. Rickman had failed to prove any of several affirmative defenses which he put forward. Upon a review of the administrative record in the manner required by law, we find that Mr. Rickman has failed to discharge his burden by proving that the decision of the MSPB was not supported by substantial evidence; that it was arbitrary, capricious, an abuse of discretion, or that it was not otherwise in accordance with the law. See Bradbie v. Equal Employment Opportunity Comm'n, 705 F.2d 1331, 1333 (Fed.Cir.1983).
 
 
 4
 Mr. Rickman has also challenged the MSPB decision on the ground that the administrative judge held a number of ex parte communications with Navy officials about substantive issues. However, the administrative judge entered an Order, dated July 11, 1990, in which he stated that there were a number of teleconferences between himself and both parties; that each conference was arranged at the request of the parties, and that the teleconferences were held because of the prohibition against ex parte communications. We conclude that petitioner has failed to prove that the administrative judge engaged in ex parte communications regarding the case with representatives of the Navy.
 
 
 5
 Finally, Mr. Rickman relies on decisions of the California Unemployment Insurance Appeals Board, which on the basis of conflicting evidence, determined that the Navy had failed to prove that Mr. Rickman was guilty of misconduct connected with his employment, and therefore, that he was eligible for unemployment benefits. The decisions of the California Board were included in the record for review by the full MSPB Board in connection with Mr. Rickman's petition for review. However, as previously stated, the Board affirmed the decision of the administrative judge. The decision of the California Board is in no way binding on the MSPB Board, and we find no error in its failure to grant Mr. Rickman's petition for review on the basis of the California Board's decisions.
 
 
 6
 Although Mr. Rickman has raised a number of other defenses in his appeal, we find that they do not merit discussion, and that in any event, they are not sufficient to justify reversal of the Board's decision.