954 F.2d 735
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lois L. JONES, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 91-3414.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1992.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Lois L. Jones appeals the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SL34439110212, which dismissed her appeal for lack of jurisdiction. This court affirms.
 
 
 2
 On November 7, 1988, Jones was awarded a temporary position, not to exceed one year, with the Department of Housing and Urban Development (HUD). On February 10, 1989, HUD notified Jones that staff restrictions mandated the termination of her temporary position. A Notification of Personnel Action issued February 24, terminating her position. Jones appealed this action to the MSPB.
 
 
 3
 The MSPB dismissed the case for lack of jurisdiction on June 20, 1991. Jones filed this appeal, which was dismissed on July 18, 1991, for failure to prosecute. However, on July 19, the court vacated its order and reinstated Jones' appeal.
 
 
 4
 MSPB decisions will be overturned only when found to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence ...
 
 
 8
 5 U.S.C. § 7703(c) (1988); Kochanny v. Bureau of Alcohol, Tobacco, & Firearms, 694 F.2d 698, 700 n. 3 (Fed.Cir.1982). Section 7513(d) of 5 U.S.C. grants the MSPB jurisdiction for review of agency actions including removals. See 5 U.S.C. § 7512. This jurisdiction allows the MSPB to hear appeals from employees.
 
 
 9
 Section 7511(a)(1)(A)(i)(ii) of 5 U.S.C. states that "employee" means--
 
 
 10
 (A) an individual in the competitive service--
 
 
 11
 (i) who is not serving a probationary or trial period under an initial appointment; or
 
 
 12
 (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less (emphasis added).
 
 
 13
 The undisputed evidence shows that Jones received a temporary position limited to a maximum of one year. Staffing restrictions led to her termination after approximately three months. The Board did not commit reversible error when it concluded that Jones was not an "employee" as defined by § 7511(a)(1). Therefore, the Board had no jurisdiction to hear Jones' appeal under 5 U.S.C. § 7513(d). The MSPB correctly dismissed Jones' appeal. See Antolin v. Department of Justice, 895 F.2d 1395 (Fed.Cir.1989), cert. denied, 111 S.Ct. 184 (1990).
 
 
 14
 The decision of the MSPB is affirmed.