NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TINA M. KELLEY (NOW KNOWN AS TINA M. DEQUIN),**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2009-3250

---

Petition for review of the Merit Systems Protection Board in CH0752090405-I-1.

---

Decided: June 10, 2010

---

TINA M. DEQUIN, of Plymouth, Michigan, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, SCHALL, and GAJARSA, *Circuit Judges*.

PER CURIAM.

## DECISION

The appellant, Tina M. Dequin (formerly known as Tina M. Kelley), challenges the final decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. We affirm.

## BACKGROUND

On March 18, 2007, Ms. Dequin received a temporary appointment, not to exceed April 17, 2008, to an excepted service position as Social Worker with the Department of Veterans Affairs. The Standard Form 50 (SF-50) documenting her appointment stated that the appointment was "subject to completion of [a] one-year initial probationary/trial/ period" beginning March 18, 2007. It further stated that she had no creditable military service and was not eligible for veterans' preference status.

On April 18, 2008, Ms. Dequin's temporary appointment was converted to a permanent excepted service appointment. The SF-50 that documented that conversion stated that the appointment was "subject to completion of [a] one-year initial probationary/trial/ period" beginning April 18, 2008. Like the earlier SF-50, it also indicated no military service or eligibility for veterans' preference status.

On February 4, 2009, the agency issued Ms. Dequin a notice of Termination During Probationary Period, effective March 4, 2009, for failure to function as an independent provider. Six days later, the agency issued a second termination notice, which rescinded the original notice

and amended the effective date to February 10, 2009.  Ms. Dequin was terminated on that date.

Ms. Dequin appealed her termination to the Board. In her appeal, she alleged that her termination was improper because she had already successfully completed the one-year probationary period required for her initial appointment.  The administrative judge who was assigned to the appeal issued an order advising Ms. Dequin of the Board's limited jurisdiction to hear appeals from employees in the excepted service and ordering her to demonstrate that the Board had jurisdiction over her appeal.  In response, Ms. Dequin argued that she was "not serving a trial period on an initial appointment" and that she therefore qualified as an employee under 5 U.S.C. § 7511(a)(1)(C)(i), with the attendant right to appeal from an adverse action to the Board.

The administrative judge dismissed Ms. Dequin's appeal, holding that the Board lacked jurisdiction over the matter because Ms. Dequin did not show that she qualified as an "employee" under 5 U.S.C. § 7511.  After the full Board denied Ms. Dequin's petition for review, Ms. Dequin petitioned for review by this court.

DISCUSSION

The Board's jurisdiction over appeals from adverse agency actions is limited to matters for which a right to appeal is granted by law, rule, or regulation.  See 5 U.S.C. § 7701(a); Todd v. Merit Sys. Prot. Bd., 55 F.3d 1574, 1576 (Fed. Cir. 1995).  The appellant in an adverse action appeal bears the burden of establishing jurisdiction.  See 5 C.F.R. § 1201.56(a)(2)(i); Maddox v. Merit Sys. Prot. Bd., 759 F.2d 9, 10 (Fed. Cir. 1985).

Because Ms. Dequin's appointment as a Social Worker is covered by 38 U.S.C. § 7401(3), her appeal rights are governed by title 5 of the United States Code. *See* 38 U.S.C. § 7403(f)(3). The Board therefore has jurisdiction over this appeal only if Ms. Dequin qualifies as an "employee" under 5 U.S.C. § 7511(a)(1). For individuals serving in the excepted service, 5 U.S.C. § 7511(a)(1) defines "employee" in two ways:

> (B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions--
>> (i) in an Executive agency; or
>> (ii) in the United States Postal Service or Postal Regulatory Commission; and
>
> (C) an individual in the excepted service (other than a preference eligible)--
>> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less;

Ms. Dequin does not argue that she is a preference eligible employee, as she has no creditable military experience or veterans' preference status. Therefore, 5 U.S.C. § 7511(a)(1)(B) is inapplicable to her. With respect to 5 U.S.C. § 7511(a)(1)(C), an individual qualifies as an "employee" by satisfying the requirements of either clause (1)(C)(i) or clause (1)(C)(ii) of subsection 7511(a). *See Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999). Thus, Ms. Dequin must

demonstrate that at the time of her termination she was either "not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or had "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." *Id.*; 5 U.S.C. § 7511(a)(1)(C).

Ms. Dequin does not contend that she meets the requirements of clause (1)(C)(ii) of subsection 7511(a). As the administrative judge noted, Ms. Dequin submitted no evidence of prior federal service other than her 23 months with the Department of Veterans Affairs, of which more than half was served pursuant to a temporary one-year appointment. Because Ms. Dequin did not complete two years of continuous service under a permanent appointment, she lacks appeal rights to the Board under 5 U.S.C. § 7511(a)(1)(C)(ii). *See Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 411 (Fed. Cir. 1995).

Ms. Dequin argues that she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C)(i) because she was not serving an "initial" appointment at the time of her termination. She interprets that statute as granting appeal rights to any excepted service employee who is *not* among those "serving a probationary or trial period under an initial appointment pending conversion to the competitive service." This court, however, has interpreted 5 U.S.C. § 7511(a)(1)(C)(i) as granting appeal rights to excepted service employees who are "serving under an initial appointment pending conversion to the competitive service, provided they are not serving a probationary or trial period under such an appointment." *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 788 (Fed. Cir. 2002), quoting *Forest*, 47 F.3d at 412. That is, in order to qualify as an employee under 5 U.S.C. § 7511(a)(1)(C)(i), an individual

must be serving under an initial appointment pending conversion to the competitive service and must not be serving a probationary or trial period.

Under that interpretation of the statute, Ms. Dequin fails to qualify as an "employee" with Board appeal rights. Ms. Dequin was not serving an "initial" appointment to the excepted service, and there is no evidence that her appointment was "pending conversion to the competitive service." Moreover, it is undisputed that Ms. Dequin's second appointment was subject to her completion of a one-year probationary period. As a result, we conclude that the Board lacked jurisdiction to hear Ms. Dequin's appeal under 5 U.S.C. § 7511(a)(1)(C)(i) as that statute has been interpreted by this court.

Ms. Dequin attempts to characterize her second appointment as a reinstatement within the meaning of 38 U.S.C. § 7403(d), but that argument is unavailing. First, there is no evidence to support her apparent assertion that her later position was a reinstatement to an original, initial appointment. Moreover, Ms. Dequin has failed to show either that her appointment is "pending conversion to the competitive service" within the meaning of 5 U.S.C. § 7511(a)(1)(C)(i), or that she has at least two years of continuous, permanent service within the meaning of 5 U.S.C. § 7511(a)(1)(C)(ii). The Board therefore lacks jurisdiction over her appeal without regard to whether her second appointment could be characterized as a reinstatement.

Ms. Dequin's assertions that she received good performance evaluations and was unaware of any perceived problems with her performance are likewise unavailing. Those considerations go to the merits of Ms. Dequin's appeal, which neither the Board nor this court may

address because Congress has not given the Board juris-
diction to review agency actions against persons who do
not satisfy the statutory definition of "employee."

**AFFIRMED**