**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2023 MSPB 1**

Docket No. AT-0714-21-0109-I-1

**Tammika S. Richardson,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

January 4, 2023

Jacqueline Turk-Jerido, Tuskegee, Alabama, for the appellant.

Sophia E. Haynes, Esquire and Teri Walker, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1     This appeal is before the Board on interlocutory appeal from the April 21, 2021 Order of the administrative judge staying the proceedings and certifying for Board review his finding that the agency cannot rely on the provisions of 38 U.S.C. § 714 to remove the appellant, a hybrid employee as defined in 38 U.S.C. § 7401(3).  For the reasons set forth below, we AFFIRM the administrative judge's ruling, and FIND that the agency cannot rely on 38 U.S.C. § 714 to remove a hybrid employee appointed pursuant to 38 U.S.C. § 7401(3).  If the agency wishes to remove the appellant based on the same or similar

allegations, it must do so pursuant to the procedures in 5 U.S.C. chapter 75, as required by 38 U.S.C. § 7403(f)(3). We VACATE the administrative judge's order staying the proceedings, and we RETURN the appeal to the administrative judge for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2        The appellant was a GS-5 Nursing Assistant hired under the legal authority of 38 U.S.C. § 7401(3). Initial Appeal File (IAF), Tab 4 at 13, 57. Accordingly, she was a hybrid employee, which is a category of Veterans Health Administration (VHA) employees who are subject to both Title 38 and Title 5. *U.S. Department of Veterans Affairs v. Federal Labor Relations Authority*, 9 F.3d 123, 126 (D.C. Cir. 1993); *see James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002). The parties have not disputed that the appellant qualified as a hybrid employee at the time of her removal. *See* IAF, Tab 6 at 8, Tab 22 at 6, Tab 23 at 2 n.2.

¶3        Pursuant to 38 U.S.C. § 714, the agency removed the appellant from her position based on charges of absence without leave and failure to follow leave request procedures. IAF, Tab 4 at 13, 15-18. The appellant filed a Board appeal challenging the removal. IAF, Tab 1. Subsequently, the administrative judge questioned whether the agency could rely on 38 U.S.C. § 714 to remove a hybrid employee, and ordered the agency to show cause why the Board should not resolve the appeal using the standards and procedures under Title 5, rather than the standards and procedures applicable to appeals adjudicated under 38 U.S.C. § 714. IAF, Tab 5 at 4. The agency filed a response. IAF, Tab 6. In the summary of telephonic prehearing conference, the administrative judge set forth the standard for a claim of harmful procedural error, and noted that the appellant raised an affirmative defense of retaliation for having filed a grievance. IAF, Tab 15 at 8-9. A hearing was held. IAF, Tabs 17, 20 (Hearing Audio Recordings). The parties submitted closing arguments. IAF, Tabs 21-22.

¶4     The administrative judge then issued an Order Certifying Interlocutory Appeal finding that a question had arisen as to whether the agency was authorized to remove the appellant, a hybrid employee under 38 U.S.C. § 7401(3), using 38 U.S.C. § 714 procedures.  IAF, Tab 23.  After evaluating the relevant statutes, including 38 U.S.C. §§ 714, 7401(3), and 7403(f)(3), and the interplay of these provisions, the administrative judge concluded that 38 U.S.C. § 7403(f)(3) precludes the agency from using its authority under 38 U.S.C. § 714 to take an adverse action against an employee appointed under 38 U.S.C. § 7401(3). *Id.* at 1-10.  The administrative judge also stayed further processing of the case while the interlocutory appeal was pending before the Board.  *Id.* at 11.

¶5     More than 7 months later, on December 3, 2021, the appellant filed a submission in which she provided the Secretary of Veterans Affairs' November 2, 2021 "Notice to All [American Federation of Government Employees (AFGE)] Employees."  IAF, Tab 24 at 4.  The Notice stated that:

> In a recent arbitration decision, Arbitrator Hyman Cohen found that the Department of Veterans Affairs violated the Federal Service Labor-Management Relations Statute . . . when it failed in 2017 to bargain over the procedures and appropriate arrangements of the implementation of 38 U.S.C. § 714 and ordered Agency to electronically post the terms of the Award.
>
> WE HEREBY NOTIFY OUR EMPLOYEES THAT:
>
> WE WILL bargain, retroactively, on request of the Union with respect to all bargaining unit employees adversely affected by the Accountability Act which became effective on June 23, 2017.
>
> WE WILL make any employee whole who, in any agreement reached by the parties, is determined to have suffered a loss of pay, benefits, allowances or differentials because of the Agency's unlawful conduct.
>
> WE WILL NOT interfere with, restrain or coerce bargaining unit employees in the exercise of the rights assured them by the Federal Services Labor-Management Relations Statute.

*Id.*

¶6    The appellant did not include the referenced arbitration decision or any other documents upon which the Secretary's Notice was based, nor did she explain the effect of the Secretary's Notice on this appeal. Accordingly, we ordered the parties to file additional pleadings to address these outstanding issues. IAF, Tab 25. We specifically directed the agency to address, among other things, the effect of the Secretary's November 2, 2021 Notice on this appeal and its intentions regarding this matter going forward. *Id.* at 2-3.

¶7    The appellant filed a response and included the Federal Labor Relations Authority's (FLRA) decision in *American Federation of Government Employees National Veterans Affairs Council #53 v. Department of Veterans Affairs*, 71 F.L.R.A. 410 (2019). IAF, Tab 27 at 8-12. There, the FLRA vacated Arbitrator Cohen's earlier finding that the agency did not have a duty to bargain and therefore did not violate the parties' agreement or 5 U.S.C. § 7116(a)(5) by unilaterally implementing the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, 131 Stat. 862, codified in relevant part at 38 U.S.C. § 714. *Id.* at 8-11. It appears that this FLRA decision led to the arbitrator's decision referenced in the Secretary's November 2, 2021 Notice.

¶8    The agency filed a reply, which included the March 11, 2021 arbitration decision referenced in the Secretary's Notice. IAF, Tab 29 at 6-49. However, instead of responding to the Board's specific inquiry about the agency's intentions going forward, the agency asserted that the appellant "[did] not submit[] any argument on the question of jurisdiction" and argued that the appeal should be dismissed for lack of jurisdiction.[1] *Id.* at 4.

¶9    Despite the agency's nonresponsive narrative submission, the agency conceded in its submissions that the appellant was covered by a collective

---

[1] The Board's jurisdiction is not an issue in this removal appeal regardless of whether the removal is based on Title 5 or 38 U.S.C. § 714.

bargaining agreement between the agency and AFGE 110 Local. IAF, Tab 4 at 8. Because it is not clear how the Secretary's November 2, 2021 Notice impacts this matter or specifically applies to the appellant, we will proceed with our analysis of the legal issue presented in the Order Certifying Interlocutory Appeal.

## ANALYSIS

The administrative judge properly certified his ruling for interlocutory appeal.

¶10 An interlocutory appeal is an appeal to the Board of a ruling made by an administrative judge during a proceeding. 5 C.F.R. § 1201.91. An administrative judge may certify an interlocutory appeal to the Board on his own motion or upon the motion of either party. *Id.* The Board's regulations provide for certification of a ruling for review when "[t]he ruling involves an important question of law or policy about which there is substantial ground for difference of opinion" and "[a]n immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public." 5 C.F.R. § 1201.92.

¶11 The criteria for certifying an interlocutory appeal are met in this case. The issue of whether the agency has the authority under 38 U.S.C. § 714 to remove a hybrid employee is an important question of law about which there is substantial ground for difference of opinion and an immediate ruling on that question will materially advance the completion of this proceeding. Therefore, the administrative judge properly certified his ruling for interlocutory appeal. *See, e.g.*, *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶¶ 11-12 (2014) (discussing the standard and finding that the administrative judge properly certified her ruling for interlocutory appeal).

As a hybrid employee, the appellant is covered by 38 U.S.C. § 7403(f)(3).

¶12 Appointments of medical professionals in the VHA are governed by 38 U.S.C. § 7401. Section (3) of 7401 governs the appointments of Nursing Assistants, like the appellant, among other positions. The statute at 38 U.S.C.

§ 7403 discusses, among other things, appointments for health care professionals, including those in positions listed in 38 U.S.C. § 7401(3). In particular, 38 U.S.C. § 7403(f)(1)(A) states that "the Secretary may . . . use the authority in subsection (a) to establish the qualifications for and . . . to appoint individuals to positions listed in section 7401(3) of this title." Section 7403(f)(3) of Title 38 provides that:

> Notwithstanding any other provision of this title or other law, all matters relating to adverse actions . . . involving individuals appointed to such positions, whether appointed under this section or section 7405(a)(1)(B)[2] of this title . . . shall be resolved under the provisions of title 5 as though such individuals had been appointed under that title.[3]

¶13    The clause "individuals appointed to such positions" in 38 U.S.C. § 7403(f)(3) is modified by "whether appointed under this section or section 7405(a)(1)(B) of this title." 38 U.S.C. § 7403(f)(3). As noted above, both 38 U.S.C. § 7403(f)(1)(A) and section 7405(a)(1)(B) refer explicitly to positions listed in 38 U.S.C. § 7401(3), and not to any other positions based on other statutory provisions.

¶14    However, because the legal authority cited in the appellant's appointment Standard Form 50 (SF-50) was 38 U.S.C. § 7401(3), IAF, Tab 4 at 57, her

---

[2] Section 7405(a)(1)(B) of Title 38 provides that the Secretary "may employ, without regard to civil service or classification laws, rules, or regulations, personnel . . . [o]n a temporary full-time basis, part-time basis, or without compensation basis, persons in . . . [p]ositions listed in section 7401(3) of this title." Neither party alleges, and it does not appear from the appellant's appointment Standard Form 50, IAF, Tab 4 at 57, that this provision is applicable to the appellant.

[3] Section 7403(f)(3) of Title 38 was enacted as part of the Department of Veterans Affairs Health-Care Personnel Act of 1991, the purpose of which was to amend Title 38 to "improve the capability of the [agency] to recruit and retain physicians and dentists through increases in special pay authorities [and] to authorize collective bargaining over conditions of employment for health-care employees," among other things. Pub. L. No. 102-40, 105 Stat. 187. That Act was later modified in the Veterans Health Care, Capital Asset, and Business Improvement Act of 2003. Pub. L. No. 108-170, 117 Stat. 2042.

appointment SF-50 does not specifically show that she was "appointed under this section [meaning section 7403 or section 7403(f)] or section 7405(a)(1)(B)," which led us to question whether the appellant was covered by 38 U.S.C. § 7403(f)(3) prior to the enactment of the VA Accountability Act. Our reviewing court has held that "the SF-50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984). Moreover, the agency appears to concede that, prior to the enactment of the VA Accountability Act, 38 U.S.C. § 7403(f)(3) would have required Title 5 procedures to apply to the removal of a hybrid employee like the appellant.[4] IAF, Tab 6 at 5. Additionally, both the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and the Board have acknowledged that in cases arising after 2003, but prior to the enactment of the VA Accountability Act, 38 U.S.C. § 7403(f)(3) applied to employees, like the appellant, who held positions under 38 U.S.C. § 7401(3). *See, e.g.*, *Kelley v. Merit Systems Protection Board*, 379 F. App'x 983, 984 (Fed. Cir. 2010) (citing 38 U.S.C. § 7403(f)(3) and concluding that "[b]ecause [her] appointment as a Social Worker is covered by 38 U.S.C. § 7401(3), her appeal rights are governed by title 5")[5]; *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 9, 12-15 (2010) (citing 38 U.S.C. § 7403(f)(3) for the proposition that employees in 38 U.S.C. § 7401(3) positions retain many Title 5 protections, including adverse action rights, and finding that Title 5 competitive veterans' preference requirements also apply to appointments to section 7401(3) positions). Finally,

---

[4] The agency appears to cite to the 1991 version of the statute in its response to the order to show cause. IAF, Tab 6 at 5. The agency does not contend that 38 U.S.C. § 7403(f)(3)—or the clause "appointed under this section"—was inapplicable to the appellant before the enactment of the VA Accountability Act.

[5] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *E.g.*, *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

the Federal Circuit has described the agency's hybrid employees as falling under 38 U.S.C. §§ 7401(3) *and* 7403(f)(1)(A). *Athey v. United States*, 908 F.3d 696, 698 n.1 (Fed. Cir. 2018). For these reasons, we find that 38 U.S.C. § 7403(f)(3) is applicable to the appellant.

The agency cannot rely on the provisions of 38 U.S.C. § 714 to remove the appellant, a hybrid employee in a position covered by 38 U.S.C. § 7401(3).

¶15    On June 23, 2017, Congress enacted the VA Accountability Act to "improve accountability of [agency] employees." Pub. L. No. 115-41, 131 Stat. 862, § 202. The VA Accountability Act was a response to "some situations where a few [agency] employees have done some egregious things that need to be addressed," including a situation "that took place in Phoenix, [Arizona], in terms of appointments[6]; the rash number of suicides and mishandling of pharmaceuticals in the Atlanta office of Clairmont . . . [and] the situation of transfers in Philadelphia, [Pennsylvania], where people were transferred rather than disciplined and were paid their moving expenses and cost-of-living adjustments upward." 163 Cong. Rec. S3261-01, S3267 (daily ed. Jun. 6, 2017) (statement of Sen. Isakson).

¶16    The VA Accountability Act provided the agency with an expedited procedure to remove employees based on misconduct or performance issues. Importantly, 38 U.S.C. § 714(a)(1) provides that "[t]he Secretary may remove, demote, or suspend a covered individual who is an employee of the Department if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." Section 714(h)(1)(B) defines a "covered individual" as, among other things, "an individual occupying a position at the Department, but does not include . . . an individual appointed pursuant to

---

[6] The agency facility in Phoenix "had widespread mismanagement and misconduct by employees," including a situation in which "veterans . . . died while they were stuck on secret waiting lists." 163 Cong. Rec. S3261-01, S3280 (daily ed. Jun. 6, 2017) (statement of Sen. Rubio).

sections 7306, 7401(1), 7401(4), or 7405 of this title."[7]  Notably, however, this provision in 38 U.S.C. § 714(h)(1)(B) does not expressly reference 38 U.S.C. § 7401(3), which covers hybrid employees like the appellant.

¶17      In its response to the order to show cause, the agency made the following arguments to support its position that it was authorized to remove a hybrid employee under 38 U.S.C. § 714:  (1) Congress intended for hybrid employees to be included under the broad definition of a "covered individual" in 38 U.S.C. § 714; (2) 38 U.S.C. § 714 was enacted later in time to specifically address accountability in the agency; (3) the plain language of 38 U.S.C. § 714 supports that hybrid employees should be covered; and (4) other administrative judges have upheld actions taken against hybrid employees under 38 U.S.C. § 714. IAF, Tab 6 at 4-8.  The administrative judge addressed and rejected the agency's arguments in the Order Certifying Interlocutory Appeal.[8]  IAF, Tab 23 at 7-10. We have considered these arguments; however, for the following reasons, we agree with the administrative judge and conclude that the agency cannot rely on the provisions at 38 U.S.C. § 714 to remove a hybrid employee appointed pursuant to 38 U.S.C. § 7401(3).

¶18      "In a statutory construction analysis, the starting point is the plain language of the statute."  *Miller v. Office of Personnel Management*, 903 F.3d 1274, 1281 (Fed. Cir. 2018).  It is a long-standing rule of statutory construction that the plain language of a statute must be treated as controlling absent a clear legislative intent to the contrary.  *Miller v. Department of the Army*, 987 F.2d 1552, 1555

---

[7] Neither party asserts that any of the exceptions in 38 U.S.C. § 714(h)(1) is applicable to this matter.

[8] Regarding argument (4), we agree with the administrative judge that Board initial decisions are of no precedential value and cannot be cited or relied on as controlling authority.  *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 15 (2008); IAF, Tab 23 at 9-10.  Moreover, the initial decisions cited by the agency do not specifically analyze the issue before us or even reference 38 U.S.C. § 7403(f)(3). Therefore, the agency's reliance on these decisions is not persuasive.

(Fed. Cir. 1993); *Tucker v. Department of Health & Human Services*, 73 M.S.P.R. 278, 286 (1997) (same). The administrative judge focused on 38 U.S.C. § 7403(f)(3) in his Order Certifying Interlocutory Appeal, finding that the plain language of section 7403(f)(3)—which specifically states that it applies to "all matters" relating to adverse actions involving hybrid employees and applies "[n]otwithstanding any other provision of this title or other law"—supports the conclusion that the agency must follow the provisions of Title 5 whenever it takes an adverse action against a hybrid employee appointed under 38 U.S.C. § 7401(3). IAF, Tab 23 at 4-5, 10.

¶19 However, the agency asserted that 38 U.S.C. § 714 is the operative statute, not 38 U.S.C. § 7403(f)(3). In pertinent part, the agency argued that by not specifically excluding hybrid employees appointed pursuant to 38 U.S.C. § 7401(3) from the definition of a "covered individual" in 38 U.S.C. § 714(h), as it did other types of employees, the statute intended to cover hybrid employees. IAF, Tab 6 at 5-7. The agency further asserted that the inclusion of hybrid employees in the definition of a covered individual "illustrates[] Congress' plain and unambiguous intent to apply the disciplinary authority to [h]ybrid employees." *Id.* at 5. We understand the agency to be applying the maxim of statutory interpretation expressio unius est exclusio alterius, meaning "the expression of one thing is the exclusion of the other." *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 13 (2016). Under this maxim, when Congress has enumerated specific things to which a statute applies, it should not be assumed that other things that could have been listed were meant to be included; rather, the specific mention of certain things implies the exclusion of others. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 11 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016). Thus, when a statute enumerates certain exceptions to a general rule, it is preferable not to interpret the statute as containing other, unenumerated exceptions. *Edwards v. Department of Homeland Security*, 110 M.S.P.R. 243, ¶ 13 (2008); *see King v. Briggs*, 83 F.3d 1384, 1388

(Fed. Cir. 1996). Construing the plain language of 38 U.S.C. § 714, 38 U.S.C. § 7401(3) is clearly not mentioned as an exclusion to "covered individuals." Thus, from this maxim, the specific mention of sections 7306, 7401(1), 7401(4), and 7405 as exceptions to the definition of a covered individual in 38 U.S.C. § 714(h)(1)(B) means the inclusion of 38 U.S.C. § 7401(3) in the definition.

¶20    Nevertheless, we cannot consider 38 U.S.C. § 714 in a vacuum. Indeed, Congress enacted 38 U.S.C. § 7403(f)(3) more than 26 years before it enacted 38 U.S.C. § 714. It is well settled that Congress is presumed to be aware of existing laws when it passes new legislation. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 23 (2012); *see Goodyear Atomic Corporation v. Miller*, 486 U.S. 174, 184-85 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts."). Moreover, "it can be strongly presumed that Congress will specifically address language on the statute books that it wishes to change." *U.S. v. Fausto*, 484 U.S. 439, 453 (1988). Yet, the plain language of 38 U.S.C. § 714 does not expressly repeal 38 U.S.C. § 7403(f)(3) or even mention that provision. In contrast to 38 U.S.C. § 714(c)(3), which specifically states that the "procedures under chapter 43 of title 5 shall not apply to a removal, demotion, or suspension under this section," 38 U.S.C. § 714 does not contain any similar language that would convey a congressional intent to repeal 38 U.S.C. § 7403(f)(3) or disavow the application of 5 U.S.C. chapter 75 procedures to hybrid employees appointed under 38 U.S.C. § 7401(3).

¶21    The absence of any reference in 38 U.S.C. § 714 to 38 U.S.C. § 7403(f)(3) or 5 U.S.C. chapter 75 procedures, particularly in contrast to the explicit language addressing chapter 43 procedures, is similar to the circumstances presented in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7. There, the Board discussed the potential impact of the 10-business-day time limit for filing a Board appeal in 38 U.S.C. § 714(c)(4)(B) on the processing of mixed cases, and it noted that the VA Accountability Act was silent regarding the procedures and time

limits described in 5 U.S.C. § 7702 for when employees can file mixed-case complaints of discrimination followed by appeals to the Board. *Id.*, ¶¶ 17, 23. The Board viewed such silence—in contrast to the explicit language in 38 U.S.C. § 714(d)(10) regarding the timelines if an employee grieves an action through a collective bargaining agreement—to suggest that Congress did not intend to alter the time limits for mixed-case appeals set forth in 5 U.S.C. § 7702 when it enacted 38 U.S.C. § 714. *Id.*, ¶ 23. The Board ultimately concluded that Mr. Wilson's mixed-case appeal, which was filed nearly 11 months after the agency action, was timely filed pursuant to 5 U.S.C. § 7702(e)(2) and was not foreclosed by the time limit set forth in 38 U.S.C. § 714(c)(4)(B). *Id.*, ¶¶ 11, 25. Here, we similarly find that Congress's silence on the application of 38 U.S.C. § 7403(f)(3) or 5 U.S.C. chapter 75 procedures to hybrid employees suggests that Congress did not intend to change the 5 U.S.C. chapter 75 appeal rights provided to hybrid employees, like the appellant, who were in positions covered by 38 U.S.C. § 7401(3). For these reasons, we are not persuaded by the agency's plain language argument regarding 38 U.S.C. § 714.

¶22    We have also considered whether 38 U.S.C. § 7403(f)(3) was repealed by implication. This is not the first time that a tribunal has confronted how a newly enacted statute affects related laws that it does not reference. In *Morton v. Mancari*, 417 U.S. 535, 537-39, 545 (1974), the U.S. Supreme Court addressed the alleged inconsistency between a prior act providing an employment preference for qualifying Native Americans in the Bureau of Indian Affairs with the later enacted Equal Employment Opportunity Act (EEO Act) requiring that Federal employment decisions be free from discrimination. The Court declined to find that the EEO Act repealed the preexisting statute by implication. *Id.* at 549-50. Rather, in the absence of an affirmative showing of an intent by Congress to repeal the prior statute, it read the statutes as permitting the employment preference for Native Americans to continue along with the "general rule prohibiting employment discrimination on the basis of race." *Id.* at 550. In

so finding, the Court observed that repeals by implication are disfavored. *Id.* at 549-51. "When there are two acts upon the same subject, the rule is to give effect to both if possible." *Id.* at 551 (quoting *United States v. Borden Company*, 308 U.S. 188, 198 (1939)). An intention by Congress to repeal a statute "must be clear and manifest." *Id.* The Court concluded that, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Id.* at 551; *see Isabella v. Department of State*, 109 M.S.P.R. 453, ¶ 12 (2008) (same); *see also Von Zemenszky v. Department of Veterans Affairs*, 80 M.S.P.R. 663, 668-69, 673-74 (1999) (holding that, if Congress had intended to exempt VHA healthcare professionals appointed under 38 U.S.C. § 7401(1) from the preexisting reduction in force rules of the Veterans' Preference Act of 1944 when it created the VHA, it would have done so in explicit terms).

¶23    The Court recognized factors that might lead to a repeal by implication, although it found them inapplicable in *Morton.* 417 U.S. at 550-51. These included when the statutes at issue are "irreconcilable," or when the older statute is broader in scope than the newer, more specific statute. *Id.* A repeal by implication is appropriate only when statutes are irreconcilable or "the enactment so comprehensively covers the subject matter of the earlier statute that it must have been intended as a substitute"; a statute addressing a "narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Todd v. Merit Systems Protection Board*, 55 F.3d 1574, 1577-78 (Fed. Cir. 1995); *Bergman v. Department of Transportation*, 101 M.S.P.R. 607, ¶ 6 (2006) (holding that specific statutory language aimed at a particular situation ordinarily controls over general statutory language). We find that is not the situation presented here.

¶24    First, 38 U.S.C. § 7403(f)(3) and 38 U.S.C. § 714 are not in irreconcilable conflict. Both statutes are reconcilable and are capable of coexistence. IAF, Tab 23 at 6-7. This is because 38 U.S.C. § 7403(f)(3) covers only adverse actions

against hybrid employees in positions listed in section 7401(3), while the agency may use 38 U.S.C. § 714 when it takes adverse or performance-based actions against employees covered by section 714.[9]

¶25     Second, we have considered the agency's assertion that 38 U.S.C. § 714 is a "more specific and detailed statute" than section 7403(f)(3). IAF, Tab 6 at 5. From this argument, the administrative judge acknowledged the general rule of statutory construction that a more specific statute is presumed to take precedence over a more general statute. IAF, Tab 23 at 8 (citing *Glassman v. Department of Labor*, 101 M.S.P.R. 373, ¶ 6 (2006)). The administrative judge concluded, however, that even though 38 U.S.C. § 714 is more specific than 38 U.S.C. § 7403(f)(3) with respect to adverse actions that are implicated therein, 38 U.S.C. § 7403(f)(3) applies to a more limited group of employees than the definition of a "covered individual" as defined in 38 U.S.C. § 714(h). IAF, Tab 23 at 8. He therefore concluded that this rule of statutory construction is contrary to the agency's position and supports finding that 38 U.S.C. § 7403(f)(3) should take precedence over 38 U.S.C. § 714. IAF, Tab 23 at 8. We agree. Section 7403(f)(3) of Title 38 addresses a narrow, precise, specific subject— adverse actions against the agency's hybrid employees. Section 714 covers a more generalized spectrum of situations, namely adverse and performance-based actions against any of the agency's employees covered by section 714. Thus, 38 U.S.C. § 7403(f)(3) "is not submerged" by the later enacted 38 U.S.C. § 714. *Todd*, 55 F.3d at 1577-78; *Bergman*, 101 M.S.P.R. 607, ¶ 6.

---

[9] Because of our plain language analysis, *supra* ¶¶ 18-21, and our conclusion that 38 U.S.C. § 7403(f)(3) and 38 U.S.C. § 714 can coexist, we find unpersuasive the agency's assertion that our interpretation of these provisions would "lead to an absurd result." IAF, Tab 6 at 5.

¶26      Moreover, the legislative history cited by the agency fails to evince a clear and manifest congressional intent to repeal 38 U.S.C. § 7403(f)(3) or disavow the application of 5 U.S.C. chapter 75 procedures to hybrid employees appointed pursuant to 38 U.S.C. § 7401(3). The agency noted that there are references to the inclusion of hybrid employees in the legislative history of the VA Accountability First Act of 2017, H.R. 1259, 115th Cong. (1st Sess. 2017), an unenacted House bill that, according to the agency, was "nearly identical" to the VA Accountability Act, Pub. L. No. 115-41, 131 Stat. 862, § 202, the latter of which was codified at 38 U.S.C. § 714. IAF, Tab 6 at 5-6. The agency identified two statements made by the Honorable David P. Roe regarding the unenacted House bill. *See* H.R. Rep. 115-34(I), at *3, 17 (2017) ("Section 3 [dealing with the removal, demotion and suspension of employees based on performance or misconduct] would amend title 38, U.S.C., and create section 719, which would provide the VA Secretary with the authority to remove, demote, or suspend any title 5, hybrid title 38, or SES VA employee for performance or misconduct"); 163 Cong. Rec. H2114-01 (daily ed. Mar. 16, 2017) (statement of Rep. Roe) (stating that "the disciplinary procedures and avenues to appeal set up by this bill are the only avenues in place for title 5 and hybrid title 38 employees to dispute proposed removals, demotions, and suspensions for longer than 14 days").

¶27      Notably, however, the agency has not identified any similar legislative history on this issue involving the VA Accountability Act. The two statements from Representative Roe regarding the unenacted House bill, without more, do not persuade us that there is clear and manifest legislative intent to repeal 38 U.S.C. § 7403(f)(3). *See, e.g.*, *Rodriguez v. United States*, 480 U.S. 522, 525 (1987) ("Even if unrebutted, these passing references [in the legislative history of 18 U.S.C. § 3147] would not constitute the 'clear and manifest' evidence of congressional intent necessary to establish repeal by implication.").

¶28      None of the agency's arguments warrant a different outcome. For the reasons described herein, the agency has not persuaded us that it has the authority

under 38 U.S.C. § 714 to remove for misconduct a hybrid employee appointed under 38 U.S.C. § 7401(3).

> If the agency wishes to proceed with an adverse action against the appellant, it must do so in accordance with the procedures described in 5 U.S.C. chapter 75, as required by 38 U.S.C. § 7403(f)(3).

¶29    The agency based the removal action on 38 U.S.C. § 714 procedures, IAF, Tab 4 at 15, 29, and we have found that the agency cannot rely on that statutory framework to remove the appellant, a hybrid employee appointed under section 7401(3).    The Federal Circuit has held that "§ 714 notably does not override § 7701(c)(2)(C), which requires the decision to accord with the law." *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376 (Fed. Cir. 2020).

¶30    Because we find that the removal action taken pursuant to 38 U.S.C. § 714 was not in accordance with law, we have considered whether to remand the appeal for further adjudication pursuant to 5 U.S.C. chapter 75.    The administrative judge, perhaps anticipating this situation, gave the agency notice of its burden in a removal action under 5 U.S.C. chapter 75, IAF, Tab 15 at 6-8, a hearing was held, and the record appears to have closed.    However, we do not believe that converting the appeal from a 38 U.S.C. § 714 action to one under 5 U.S.C. chapter 75 appeal at this stage is the appropriate course of action. Instead, if the agency wishes to take an adverse action against the appellant, it must do so in accordance with the procedures of 5 U.S.C. chapter 75, as required by 38 U.S.C. § 7403(f)(3).

¶31    In reaching this conclusion, we have considered the analogous situation in which a case began as a 5 U.S.C. chapter 43 performance-based action and, during the pendency of the appeal, the agency sought to convert, or the Board sua sponte converted, the action to one taken under 5 U.S.C. chapter 75. *See, e.g.*, *Lovshin v. Department of the Navy*, 767 F.2d 826, 843 (Fed. Cir. 1985) (en banc) (noting that, generally, an agency may rely on either 5 U.S.C. chapter 75 or chapter 43 to take a performance-based action).    The Board has followed the

determination of the Federal Circuit that "[t]he Board may not simply substitute Chapter 75 for Chapter 43 or vice versa after the parties have presented their evidence" because, among other things, such "after-the-fact switches [are] inherently unfair." *Hanratty v. Federal Aviation Administration*, 780 F.2d 33, 35 (Fed. Cir. 1985)[10]; *see Wilson v. Department of Health & Human Services*, 770 F.2d 1048, 1053-55 (Fed. Cir. 1985) (finding that the performance-based demotion taken under chapter 43 was improper based on an invalid performance standard and rejecting the Government's request to remand Ms. Wilson's appeal to the Board for reconsideration under chapter 75 on the same record as the original chapter 43 action); *see also Kopp v. Department of the Air Force*, 33 M.S.P.R. 624, 627-29 (1987) (holding that an agency could not first assert at the petition for review stage that a performance-based action taken under chapter 43 should also be considered under chapter 75, and finding that the agency removed the appellant under chapter 43 but did not afford him the chapter 43 procedures to which he was entitled); *cf. Ortiz v. U.S. Marine Corps*, 37 M.S.P.R. 359, 360, 362-63 (1988) (explaining that it was appropriate to convert a chapter 43 removal to one under chapter 75 before the hearing had occurred because the agency had not lost on an issue and then belatedly tried to prove its charges on another legal basis).

¶32    It would be "inherently unfair" in this matter to convert the 38 U.S.C. § 714 removal appeal and allow the agency to proceed under chapter 75 after the hearing was held and the record closed, *Hanratty*, 780 F.2d at 35, especially in light of several due process concerns. Importantly, under chapter 75, the appellant would have been entitled to "at least 30 days' advance written notice . . . stating the specific reasons for the proposed action" and "a written

---

[10] In *Hanratty*, 780 F.2d at 34-35, the court determined that the Board's presiding official erred when he recharacterized the chapter 43 removal appeal as a chapter 75 adverse action appeal after the hearing and the close of the record.

decision and the specific reasons therefor." 5 U.S.C. §§ 7513(b)(1), (4). Not only was the appellant given less than 30 days' advance written notice, IAF, Tab 4 at 15, 29, but it also appears that she was not fully apprised of the penalty factors that the deciding official considered. For example, during the deciding official's testimony, he revealed that, in addition to the penalty considerations mentioned in the notice of proposed removal, IAF, Tab 4 at 31, he also considered the appellant's prior discipline, comparator evidence, and her potential for rehabilitation, IAF, Tab 17, Hearing Audio Recording, Day 1 (testimony of the deciding official). There is no indication in the record that the appellant was on notice that he would consider such evidence, which would be a potential due process violation. *See, e.g.*, *Howard v. Department of the Air Force*, 118 M.S.P.R. 106, ¶¶ 4-7 (2012) (finding that the deciding official's consideration of the appellant's allegedly poor performance as an aggravating factor without providing such notice constituted a due process violation); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011) (explaining that when an agency intends to rely on aggravating factors, such as prior discipline, as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the deciding official).

<u>ORDER</u>

¶33     We affirm the administrative judge's finding that the agency cannot rely on 38 U.S.C. § 714 to remove a hybrid employee appointed pursuant to 38 U.S.C. § 7401(3), we vacate the order that stayed processing of this matter, and we return the appeal to the administrative judge for further adjudication in accordance with this Order.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.