**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DIMITRIOS ALEX
    DIMITROYANNIS,
        Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
CH-0714-22-0156-I-1

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dimitrios Alex Dimitroyannis, Chicago, Illinois, pro se.

Shelia Fitzpatrick, Hines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action taken pursuant to 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE AND REVERSE the initial decision, and find that the agency action is NOT SUSTAINED as it is not in accordance with law.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2 The agency appointed the appellant to the position of Supervisory Therapeutic Medical Physicist pursuant to 38 U.S.C. § 7401(3) on April 29, 2018. Initial Appeal File (IAF), Tab 6 at 111-12. Accordingly, he was a hybrid employee, which is a category of agency employees subject to both Title 38 and Title 5 of the United States Code. *Department of Veterans Affairs v. Federal Labor Relations Authority*, 9 F.3d 123, 126 (D.C. Cir. 1993); *see James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002); *Richardson v. Department of Veterans Affairs*, 2023 M.S.P.B. 1, ¶ 2. Effective January 20, 2022, the agency removed the appellant pursuant to 38 U.S.C. § 714 (the VA Accountability Act) for "Failure to Maintain an Active Board Certification," which the agency explained was a condition of employment for the appellant.[2] IAF, Tab 6 at 5-7, 114, 116. The appellant filed a Board appeal, and, after holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 1, Tab 36, Initial Decision (ID). In the initial decision, the administrative judge found that the agency presented substantial evidence to support the charge and penalty. ID at 5-15. The appellant filed a petition for review of the initial decision, and the agency responded. Petition for Review (PFR) File, Tabs 1, 3.

¶3 These proceedings occurred before the Board issued a precedential Opinion and Order addressing an interlocutory appeal in *Richardson v. Department of Veterans Affairs*, 2023 MSPB 1. That decision held that the agency cannot rely on 38 U.S.C. § 714 to remove an employee appointed under 38 U.S.C. § 7401(3) because such employees are covered by 38 U.S.C. § 7403(f)(3), which provides that "all matters relating to adverse actions . . . shall be resolved under the provisions of title 5 as though such individuals had been appointed under that title." *Id.*, ¶ 12 (quoting 38 U.S.C. § 7403(f)(3)). Thus, the Board held that the

---

[2] The agency further explained that the applicable medical board had revoked the appellant's certification. IAF, Tab 6 at 5.

removal of an employee appointed under 38 U.S.C. § 7401(3) under 38 U.S.C. § 714 is not in accordance with law and that, if the agency wants to take an adverse action against an employee appointed under the authority of 38 U.S.C. § 7401(3), it must do so in accordance with the procedures set forth in 5 U.S.C. chapter 75 as required by 38 U.S.C. § 7403(f)(3). *Richardson*, 2023 MSPB 1, ¶ 30.

¶4 After the issuance of *Richardson*, the agency was ordered to submit evidence and argument addressing the impact, if any, of *Richardson* on our resolution of this appeal. PFR File, Tab 7 at 2. In response, the agency argued that the Opinion and Order in *Richardson* was wrongly decided. PFR File, Tab 8. In particular, the agency argued that it properly relied on its authority under 38 U.S.C. § 714 to remove the appellant because (1) the plain language of the statute, including the definitions, provides that individuals appointed under 38 U.S.C. § 7401(3) are covered by 38 U.S.C. § 714; (2) Congress intended, as shown by the legislative history, for individuals appointed under section 7401(3) to be covered by section 714; (3) 38 U.S.C. § 714 and 38 U.S.C. § 7403(f)(3) can be harmonized to give effect to both, and, if the statutes are in conflict, section 714 repeals the conflicting provisions of section 7403(f)(3); and (4) the agency's interpretation of its own statute is entitled to deference.[3] *Id.* at 7-27.

¶5 The Board addressed the contentions underlying the agency's first two arguments in the Opinion and Order in *Richardson*. Specifically, regarding the first argument, after a detailed analysis of the statutory language, the Board in *Richardson* concluded that the plain language of section 714 does not alter the Title 5 appeal rights provided in section 7403(f)(3) for individuals appointed

---

[3] The agency moved to stay proceedings in this petition for review pending a decision on its petition for review of the initial decision in *Richardson*, which was issued following the issuance of the Opinion and Order on the interlocutory appeal. PFR File, Tab 8 at 4-7. The Board has issued a decision on the petition for review in *Richardson*, finding unpersuasive many of the arguments raised in this appeal. *Richardson v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-21-0109-I-1, Final Order (Mar. 26, 2024). Because the decision in *Richardson* has been issued, the agency's motion is moot.

under section 7401(3). *Richardson*, 2023 MSPB 1, ¶¶ 18-21. Regarding the second argument, the Board in *Richardson* considered the legislative history of section 714, including the statements of Congressman Roe addressing an earlier unenacted version of the VA Accountability Act, and concluded that his statements, without more, did not demonstrate a legislative intent to repeal 38 U.S.C. § 7403(f)(3).[4] *Richardson*, 2023 MSPB 1, ¶¶ 26-27. The agency's arguments here provide no basis not to apply the findings in *Richardson* to this appeal.

¶6    Like the agency's first two arguments, the agency's third argument was also addressed in the Opinion and Order in *Richardson*. Contrary to the agency's position, PFR File, Tab 8 at 18-23, the Board in *Richardson* harmonized sections 714 and 7403(f)(3) to give effect to both, finding that the statutes can be reconciled by applying section 7403(f)(3) only to adverse actions against employees appointed under section 7401(3) and applying section 714 to adverse or performance-based actions against employees appointed under section 714. *Richardson*, 2023 MSPB 1, ¶ 24. This approach additionally recognizes that the significant differences in procedural rights between section 714 and section 7403(f)(3) precludes a conclusion, as the agency contends, that section 714 satisfies the requirements of section 7403(f)(3).[5] *Richardson*, 2023 MSPB 1,

---

[4] Regarding the statements of Congressman Roe relied on by the agency, PFR File, Tab 8 at 15-18, the U.S. Supreme Court and the U.S. Court of Appeals for the Federal Circuit have advised that a tribunal should be cautious in relying on the statements of a single legislator in determining the intent of Congress. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("The remarks of a single legislator, even the sponsor, are not controlling in analyzing the legislative history."); *Groff v. United States*, 493 F.3d 1343, 1354 (Fed. Cir. 2007) (same).

[5] Examples of the procedural difference between the two provisions include that section 714 provides for a shorter notice and decision window than the procedures under Title 5. *Compare* 38 U.S.C. § 714(c) (1)-(2), *with* 5 U.S.C. § 7513(b). In addition, the agency may take an adverse action under the provisions of Title 5 "only for such cause as will promote the efficiency of the service," *see* 5 U.S.C. § 7513(a), but section 714 does not contain a similar provision regarding "cause" or an "efficiency of the service" standard. Also, the deadline to file an appeal with the Board is shorter under section 714 than it is under the Board's regulations that are applicable to appeals filed under the

¶ 32.   Accordingly, the Board in *Richardson* also rejected the argument that section 714 repealed section 7403(f)(3), noting that a repeal by implication is appropriate only when the statutes are irreconcilable or when the new "enactment so comprehensively covers the subject matter of the earlier statute that it must have been intended as a substitute."[6]   *Richardson*, 2023 MSPB 1, ¶¶ 22-23 (quoting *Todd v. Merit Systems Protection Board*, 55 F.3d 1574, 1577-78 (Fed. Cir. 1995)).   Again, the agency's arguments provide no basis to disturb the findings in *Richardson*.

¶7   Finally, regarding the agency's argument that its interpretation of 38 U.S.C. § 714 is entitled to deference, we observe that numerous decisions from the U.S. Court of Appeals for the Federal Circuit have rejected the agency's interpretation of 38 U.S.C. § 714.   *See, e.g.*, *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021) (rejecting the agency's argument that 38 U.S.C. § 714 eliminated the requirement to review the factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in assessing a proper penalty); *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1300 (Fed. Cir. 2021) ("There are strong reasons that section 714 should not be interpreted [as the

---

provisions of Title 5.   *Compare* 38 U.S.C. § 714(c)(4)(B) (10 business days), *with* 5 C.F.R. § 1201.22(b)(1) (30 days after the effective date or 30 days after receipt of the agency's decision, whichever is later).   In an appeal under section 714, the administrative judge shall uphold the agency's decision to remove, demote, or suspend an employee if the decision is supported by substantial evidence.   38 U.S.C. § 714(d)(2)-(3).   On the other hand, in an appeal under chapter 75, the agency must meet the higher "preponderance of the evidence" standard, and the Board may mitigate the agency's chosen penalty in situations in which the Board determines that the penalty exceeds the tolerable limits of reasonableness.   *See* 5 U.S.C. § 7701(c)(1)(B); *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999).

[6] In support of its argument that section 714 repeals section 7403(f)(3), the agency points to the Board's decision in *Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶¶ 14, 16, in which the Board held that the VA Accountability Act contained more specific language regarding interim relief and that language controlled over the general language in 5 U.S.C. § 7701(b)(2).   PFR File, Tab 8 at 25-26.   However, the Board's finding in *Schmitt* in the narrow context of the interim relief provision does not mean that 38 U.S.C. § 714 is the more precisely drawn statute in the context before us. Therefore, this argument is not persuasive.

agency suggests] to endorse the use of substantial evidence as a burden of proof."); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1377 (Fed. Cir. 2020) ("The government's reading—allowing the agency to remove an employee for the tiniest incident of misconduct so long as the agency could present substantial evidence that the trifling misconduct occurred—could 'gut due process protections' in a way Congress did not intend."). Thus, we do not believe that the agency's interpretation of 38 U.S.C. § 714 is entitled to deference.

¶8 An agency action that is not in accordance with law must be reversed by the Board. 5 U.S.C. § 7701(c)(2); *Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486, 488 (1993). An appealable action is unlawful in its entirety if there is no legal authority for it, and the Board will reverse it as "not in accordance with law," even if minimum constitutional due process was afforded to the appellant. *Hamilton*, 58 M.S.P.R. at 488; *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991). Furthermore, in such a circumstance, the appellant need not show that the agency's erroneous actions prejudiced his rights so that the outcome before the agency was possibly affected. *Hamilton,* 58 M.S.P.R. at 488.

¶9 Here, the agency removed the appellant using the procedures set forth in 38 U.S.C. § 714, but as discussed above, that statutory authority was not a valid basis on which to remove the appellant. In light of the procedural differences between the statutes, *see supra* ¶ 6 n.5, the Board in *Richardson* found that it was not appropriate to convert an agency action improperly taken under section 714 to one taken under 5 U.S.C. chapter 75—and thus compliant with 38 U.S.C. § 7403(f)—after the evidentiary record had closed. *Richardson*, 2023 MSPB 1, ¶¶ 30-32. Thus, we reverse the agency action. If the agency wants to take an adverse action against the appellant, it must do so in accordance with the procedures of chapter 75, as required by section 7403(f)(3).

**ORDER**

¶10     We ORDER the agency to cancel the appellant's removal and retroactively restore the appellant to his GS-14 Supervisory Therapeutic Medical Physicist position, effective January 20, 2022. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.