**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| XANTHE MONETTE GARCIA , Appellant, | DOCKET NUMBER SF-0714-18-0445-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, Agency. | DATE: September 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sheila Brown</u>, North Hills, California, for the appellant.

<u>Maya Soloway</u>, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons discussed below, we GRANT the appellant's petition for review. We REVERSE the initial decision's findings regarding the agency's removal action and find that the removal action is NOT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

SUSTAINED as it is not in accordance with law. We AFFIRM the administrative judge's findings regarding the suspension action.

## BACKGROUND

In August 2002, the agency appointed the appellant to the excepted service position of Licensed Vocational Nurse with its Greater Los Angeles Healthcare System. Initial Appeal File (IAF), Tab 4 at 7, 133-34. On February 9, 2018, the agency issued the appellant a 14-day suspension based on charges of absence without leave and inappropriate conduct. *Id.* at 91-97. On February 26, 2018, it proposed her removal under the authority of 38 U.S.C. § 714 based on charges of failure to properly carry out [her] duties as Licensed Vocational Nurse (two specifications) and inappropriate conduct (one specification). *Id.* at 28-30. The appellant served the 14-day suspension beginning March 4, 2018, and returned to duty on March 18, 2018. *Id.* at 85-86. On March 21, 2018, the deciding official sustained the appellant's removal, effective April 9, 2018. *Id.* at 21, 23-26.

On April 13, 2018, the appellant filed the instant Board appeal challenging her 14-day suspension and removal. IAF, Tab 1. In an order summarizing the prehearing conference, the administrative judge notified the appellant that the Board does not have jurisdiction over suspensions of less than 15 days. IAF, Tab 20 at 2. Following a hearing on her removal appeal, the administrative judge issued an initial decision on August 27, 2018, sustaining the agency's charges and the penalty of removal. IAF, Tab 24, Initial Decision (ID) at 10.

On October 2, 2018, the appellant submitted a petition for review of the initial decision via e-Appeal, along with an explanation related to the untimely filing of her petition for review. Petition for Review (PFR) File, Tab 1 at 3-4. Concerning her reasons for requesting review, the appellant reargues that she did not commit the misconduct charged by the agency in its removal action and suggests that the administrative judge erred in analyzing the hearing testimony. *Id.* at 5-7. The agency has responded, requesting that the Board dismiss the

appellant's petition for review based on untimeliness, and arguing that she did not show any material factual error in the initial decision or any other criterion for granting a petition for review.  PFR File, Tab 3.

## ANALYSIS

<u>We waive the time limit for the filing of the appellant's petition for review.</u>

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  The length of the delay is a factor that must be considered in every good cause determination, and a minimal delay favors a finding of good cause.  *See Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).  To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We find that the extremely minimal nature of the delay, along with the appellant's explanation for the delay, supports a finding of good cause in this case.  The appellant concedes that she received the initial decision within 5 days

of its issuance on August 27, 2018. ID; PFR File, Tab 1 at 3. Thus, her petition for review was due on October 1, 2018. 5 C.F.R. § 1201.114(e). The date of filing for pleadings filed via e–Appeal is the date of electronic submission. 5 C.F.R. § 1201.4(*l*). All pleadings filed via e–Appeal are time stamped with Eastern Time, but the timeliness of a pleading will be determined based on the time zone from which the pleading was submitted. 5 C.F.R. § 1201.14(*l*)(1). The appellant's petition for review, submitted via e-Appeal on October 2, 2018, is time-stamped 03:10:47. PFR File, Tab 1. As her address of record at the time was in the Pacific Time Zone, we find that her appeal was submitted at 12:10:47 a.m. Pacific Time and, thus, was untimely by only 10 minutes.

Furthermore, the appellant, who is represented by her union representative, stated that she filed her petition for review without the assistance of her union representative after her union representative informed her that she was having trouble accessing e-Appeal. IAF, Tab 8 at 3; PFR File, Tab 1 at 4. Although an appellant is generally responsible for any purported deficiencies related to her representation, *see Reaves v. Department of Veterans Affairs*, 92 M.S.P.R. 352, ¶ 7 (2002), we find that the appellant's actions of submitting a petition for review herself via e-Appeal only 10 minutes after the deadline demonstrated due diligence under the circumstances. Accordingly, we find good cause for her untimely filing.

If good cause has been demonstrated, the Board will determine whether the agency has shown it would be prejudiced by a waiver of the time limit. *See Moorman*, 68 M.S.P.R. at 63. The agency has neither indicated nor made any showing of prejudice caused by the 10-minute filing delay. PFR File, Tab 3 at 4. Therefore, we waive the time limit for the filing of the appellant's petition for review.

The agency's removal action must be reversed.

Appointments of medical professionals in the Veterans Health Administration are governed by 38 U.S.C. § 7401. Individuals appointed pursuant to 38 U.S.C. § 7401(3) are hybrid employees, which is a category of agency employees subject to both Title 38 and Title 5 of the United States Code. *U.S. Department of Veterans Affairs v. Federal Labor Relations Authority*, 9 F.3d 123, 126 (D.C. Cir. 1993); *see James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002). Since the issuance of the initial decision in this case, the Board issued a precedential Opinion and Order in *Richardson v. Department of Veterans Affairs*, 2023 MSPB 1, ¶¶ 15-28, holding that the agency does not have the authority under 38 U.S.C. § 714 to remove a hybrid employee appointed under 38 U.S.C. § 7401(3). We reasoned that hybrid employees are covered by 38 U.S.C. § 7403(f)(3), which provides that "all matters relating to adverse actions . . . shall be resolved under the provisions of title 5 as though such individuals had been appointed under that title." *Id.*, ¶ 12 (quoting 38 U.S.C. § 7403(f)(3)).

We find that the appellant was a hybrid employee appointed under 38 U.S.C. § 7401(3). Section (3) of 7401 includes "licensed practical or vocational nurses," like the appellant, among other positions. 38 U.S.C. § 7401(3). Furthermore, the agency has consistently represented in its pleadings that the appellant was a Title 38 hybrid employee. IAF, Tab 4 at 7, Tab 14 at 5. We note that the legal authority cited in the appellant's appointment Standard Form 50 (SF-50) was section (1) of 7401, as opposed to section (3) of 7401; however, we give little weight to this document for several reasons. IAF, Tab 4 at 131; *see generally Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984) (holding that "the SF-50 is not a legally operative document controlling on its face an employee's status and rights"). First, section (1) of 7401 authorized the appointments of "physicians, dentists, podiatrists, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries," and there is no indication in the record that the appellant held any of these credentials. 38

U.S.C. § 7401(1) (September 2003); IAF, Tab 4 at 131. Rather, the SF-50 indicates that her appointment was to the position of Licensed Vocational Nurse, which is a position listed under section (3) of 7401. *Id.*; 38 U.S.C. § 7401(3) (September 2003). Furthermore, the Board generally lacks jurisdiction over the removal of a medical professional appointed under section (1) of 7401; instead, those medical professionals are afforded internal agency procedures. *See* 5 U.S.C. § 7511(b)(10); 38 U.S.C. § 7425(a)(8); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1370 (Fed. Cir. 2001). Here, the agency notified the appellant of her Board appeal rights in its removal decision, IAF, Tab 4 at 24, and, as mentioned above, has conceded that she is a hybrid employee with Board appeal rights, *id.* at 4. Accordingly, we find no reason to develop the record further on this issue and conclude that the appellant was a hybrid employee appointed under 38 U.S.C. § 7401(3).

Thus, we find that the agency's removal action in this case under the authority of 38 U.S.C. § 714 is not in accordance with law. *See Richardson*, 2023 MSPB 1, ¶¶ 12-29. An agency action that is not in accordance with law must be reversed by the Board. 5 U.S.C. § 7701(c)(2); *Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486, 488 (1993). The appellant need not show that the agency violated her constitutional due process rights or that the erroneous action was harmful, i.e., that it prejudiced her rights so that the outcome before the agency was likely affected. *Hamilton*, 58 M.S.P.R. at 488; *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991); *see also Richardson*, 2023 MSPB 1, ¶¶ 30-32 (finding that the Board could not sua sponte convert a 38 U.S.C. § 714 removal appeal to a 5 U.S.C. chapter 75 removal appeal because it would be "inherently unfair"). Accordingly, we reverse the agency's removal action.[2] If the agency wants to take an adverse action against the appellant, it must do so in accordance with the procedures of chapter 75, as required by section 7403(f)(3).

[2] Because we agree with the administrative judge that the Board lacks jurisdiction over a suspension that is not more than 14 days, our decision in this case does not disturb the agency's suspension action. IAF, Tab 20 at 2; *see* 5 U.S.C. §§ 7512(2), 7513(d).

**ORDER**

We ORDER the agency to cancel its removal action and to restore the appellant effective March 21, 2018. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.